OPINION of the Court, by
Judge Trimble.
— This was an act'on °f debt, brought by Matthews against Rumsey, Wallace and Baldwin, upon an obligation with the following condition annexed, set. “ The condi-i'OIi a^Pve obligation is such, that whereas the above named Ramsey and Wallace, have hired two negro men of the aforesaid Matthews, for one year, to eomrnence from the day of the date hereof, for the sum °r price of one hundred dollars each, to be paid at the expiration of the year, and if not punctually paid to hear *nterest fr°m this date, and to find the said negroes iñ clothing suitable to the seasons, and to pay their taxes, and to return the said negroes to the said Matthews, as ®arren court-house, at the expiration of the year. Now if the said Rumsey and Wallace, do, and shall well and truly pay, do and perform, &c. then this obligation to yoj^ &c,” Which writing obligatory, is by oyer *nade part of the record,
The plaintiff took an office judgment and writ of en« _ujr t tjle ruies ancj the cause was placed on the i1 " , issue docket; and on his motion- in court, the writ of enquiry was waived, and judgment rendered for the penajty 0f the bond, to: be discharged by the payment of two hundred dollars, with interest thereon at six per centum per annum, from the date of the obligation till paid : from which judgment the defendants appealed to this court.
The first error assigned need not be regarded ; because it only objects to the form of entering the conditional judgment at the rules.
The second assignment, in substance, objects that there is error in the proceedings, because the plaintiff failed to assign breaches of the condition of the writing *243 obligatory on which the action is founded ; and because judgment was rendered without a writ of enquiry, or the intervention of a jury. We are of opinion, these objections are well founded. The condition of the bond is not simply for the direct payment of money, but for the payment of money and for doing certain other acts.
Whether it is to be regarded as a bond with a collateral condition or not, must be determined from the complexion of the whole condition, and not a part of it. It must therefore be regarded as a bond with collateral condition, in which the law expressly requires breaches to be assigned ; and of consequence a writ of enquiry and the intervention of a jury were indispensably necessary.
The last assignment objects to the judgment, because interest is therein allowed from the date of the obligation.
On this point the case of Smith vs. Gough, determined in this court January 1805, has been cited, in which it was decided that interest from the date, provided the principal is not paid by a particular day, can only be considered as a nomine peonas and that rendering judgment therefor is illegal. This must be acknowledged to be a precedent in point; the contrary was however, decided in a former case in this court. As the deck sions have been in confliction, it is now our duty to reconsider them, and, if possible, settle the question upon principle.
It has been always admitted, that if the contract be for the payment of principal and interest by a given day, with a proviso, that if the principal be punctually paid on that day, the interest shall be remitted ; both, principal and interest shall be recovered, if the principal be not punctually paid. In good sense, there can exist no difference between that case and this. In both, no interest is demandable if the debt be punctually paid ; in both the obligor may discharge himself by paying the principal without interest on.the day ; and in both the obligee may, if he chooses, demand payment on the day, but without interest. In both cases the contract is equally fair, and the object is the same in both, to wit : the securing punctuality in the payment of the principal. The difference exists only, in the terms, not ⅛ the substance of the agreement.
*244 js just that interest shall be paid for the use of mo-ney* *-be Present case, the parties have stipulated as to the time the interest shall begin to run, in the way most favorable to the obligor, by allowing him to discharge himself on the day without interest. The parties were competent^to make this agreement; it is prohibited by no statute ; there is no turpitude in it, and there is no principle of sound policy militating against it. Why then shall the contract not be binding between the parties ?
We are of opinion that the objection cannot be sustained ; but the judgment must be reversed for the objections contained in the second assignment of errors,
Judgment reversed.