*252 OPINION of the Court, by
Ch. J. Boyle.
This is a -writ of error to a judgment in an action by petition and summons, brought by the defendant in error against the plaintiff, upon a note under seal, whereby the latter acknowledged he had hired of the former a family of slaves, l'or which he wastopay g 100, and And them in the customary winter and summer clothing.
*253 T!ic principal objection taken in the assignment of er-i'or, is that the action was misconceived.
We are of opinion the, objection is well founded. The act of assembly which gives the remedy by petition, confines it to cases of bonds and notes for the direct pay-merit of money. A bond or note, therefore, upon which a petition will lie, must be such as may be correctly described tí) be a bond or note for the direct payment of money; and as the note in this case contains not only asti-pulation for the payment of money, but for the clothing of the slaves, it is plain that it cannot be correctly described as a note fob the payment of money only : for the whole note, pml not a part only, should come within the description, and the whole of its stipulations must,' therefore, be taken into consideration, in determining the aptitude or correctness of the description. A' similar construction has been applied by this court to the statutory provision requiring breaches to be assigned in actions upon bonds with collateral condition, but authorizing judgment to be entered upon bonds conditioned to pay money without such assignment of breaches.
In the case of Kennedy vs. Matthews, 1 Bibb 242, in which an action was brought upon an obligation with condition to pay money and find clothing for negroes, and pay their taxes, it was held that the bond was one with collateral condition, and that a judgment for the money in the condition mentioned, without the assignment ,of breaches, was erroneous.
The judgment must be reversed with costs, and the cause remanded, that the plaintiff in the court below may have leave to discontinue his action.