BURNETT (UNITED STATES v.). See Case No. 14,689.

## Case No. 2,172a.

### BURNETT v. WYLIE.

[Hempst. 197.] [1]

Superior Court, D. Arkansas. July, 1832.

ACTION ON PENAL BOND—PLEADING.

1. In an action on a penal bond, the plaintiff must assign or suggest on the record breaches of the condition, and judgment rendered without doing so is erroneous.

2. Breaches may be assigned either in the declaration or replication, when performance is pleaded or suggested on the record.

Appeal from the Chicot circuit court.

[At law. Action upon a bond. Judgment was rendered for plaintiff in the court below on defendant's demurrer to the declaration, and defendant appealed. Reversed.]

Before JOHNSON, ESKRIDGE, and CROSS, Judges.

OPINION OF THE COURT. This is an action of debt, brought by Wylie against Burnett, in the Chicot circuit court, upon the following obligation, and condition annexed: "Know all men by these presents, that we, John J. Bowie, as principal, and Wm. B. Patton and Moses Burnett, as securities, are held and firmly bound unto Edward Wylie in the sum of seven hundred dollars lawful money of the United States, to be collected of, as on the following conditions, namely: Whereas the said Bowie has this day bargained and

---

[1] [Reported by Samuel H. Hempstead, Esq.]

sold unto the said Wylie seven hundred acres of Spanish confirmed land claims; now, if the said Bowie should make good and sufficient title to him, the said Wylie, to the aforesaid land, then in that case the above obligation is to be void, otherwise to remain in full force." Which writing is by oyer made part of the record. The defendant in the court below, having by consent withdrawn his pleas of payment, waived oyer of the writing declared on, and filed a general demurrer to the declaration, which was by the court overruled, and judgment rendered against him for seven hundred dollars and costs, has appealed to this court.

The principal ground of error relied upon by the counsel for the appellant is, that the plaintiff in the court below failed to assign breaches of the condition of the writing obligatory on which the action is founded, and that judgment was rendered without a writ of inquiry, or the intervention of a jury. Our legislature, at its last session, adopted and re-enacted the statute of William III. c. 11, § 8, under the title of "An act concerning suits on penal bonds and other writings under seal." This statute has also been long since re-enacted in the states of New York, Virginia, and Kentucky. The adjudications, then, in England and in those states, upon this statute, will be regarded by this court as high authority. In the case of Van Benthuysen v. De Witt, 4 Johns. 213, the supreme court of New York say: "In suits on bonds for the performance of covenants, it is compulsory on the part of the plaintiff to assign breaches, and have his damages assessed; and when breaches are assigned, the jury at the trial must assess damages for such breaches as the plaintiff shall prove; otherwise the verdict is erroneous, and a venire facias de novo will be awarded. 5 Term R. 636; 2 Caines, 329; 2 Wils. 377. It is now settled in England, New York, Virginia, and Kentucky, that in debt on bonds, with a condition for doing anything else, except the payment of a gross sum of money, or the appearance of a defendant in a bail bond, the plaintiff is bound to suggest breaches, either in his declaration, replication, or on the roll or record." 1 Saund. 58, note 1 by Williams; 2 Saund. 187; Collins v. Collins, 2 Burrows, 820; 5 Term R. 538; 8 Term R. 126; 2 Hen. & M. 446; 1 Bibb, 242. The learned editor of Johnson's Reports, in a note to the case before mentioned of Van Benthuysen v. De Witt (2d Ed.), lays down the law on this subject, which entirely accords with our own views. He says: "The plaintiff may assign breaches (either one or more) in his declaration, or he may leave the assignment to be made afterwards in consequence of the plea; as if the defendant pleads performance of the covenant, the plaintiff may set forth his breaches in his replication; or where the defendant pleads non est factum, or judgment be given against him on demurrer, nil dicit, or confession, and the plaintiff has not assigned breaches in his declaration, he may, notwithstanding, suggest breaches on the record; and the suggestion may be made as well before as after the entry of the judgment. The judgment to be entered is to recover the penalty of the bond, nominal damages, and costs; and if judgment be entered for the damages assessed by the jury, it is so far erroneous, and will be reversed as to the damages, and the execution is of course to levy the amount of the judgment, but is indorsed to levy only the damages assessed for the breaches of covenant, together with the costs." In support of these positions, numerous authorities are cited. If, then, the present action is founded on a penal bond for the performance of any thing else than the payment of a gross sum of money, or the appearance of the defendant in a bail bond (and it is clearly not for either of these), it was incumbent on the plaintiff, after the demurrer to his declaration had been overruled, to assign or suggest a breach or breaches of the covenant contained in the condition of the obligation declared on, and have the damages assessed by a jury upon a writ of inquiry; and for his failure to proceed in this manner, we are clearly of opinion that the judgment is erroneous, and must be reversed.

It has been argued by the counsel for the plaintiff with great earnestness and zeal, that this is not an action brought upon a penalty for non-performance of an agreement or covenant contained in any indenture, deed, or writing. By inspecting the writing obligatory, as set out upon oyer, it is manifest that it is a penal bond for the conveyance, by a good, sufficient title, of seven hundred acres of Spanish confirmed land claims. To illustrate this proposition by reasoning would seem to be difficult, since it appears to us to be self-evident. The language used is clear, plain, and unambiguous. The obligors bind themselves to pay to the plaintiff seven hundred dollars, conditioned to be void if one of them should make to the plaintiff a good and sufficient title to seven hundred acres of Spanish confirmed land claims which he had that day bargained and sold to the plaintiff, otherwise to remain in force. The plain intention of the parties to this contract is to secure by a penalty, namely, seven hundred dollars, the conveyance, by a good title, of seven hundred acres of Spanish confirmed land claims. Let us advert to the condition of the bond on which the action was brought in the case of Ramsey v. Matthews, 1 Bibb, 242. It is in these words: "The condition of the above obligation is such, that whereas the above-named Ramsey has hired two negroes of the said Matthews for one year, and for one hundred dollars each, to be paid at the end of the year, and to find said negroes in clothing, &c., pay their taxes, and return said negroes at the end of the year to the said Matthews; now if the said Ramsey

does and shall well and truly pay, do, and perform, &c., then this obligation to be void." How or in what particular does the condition differ from the condition of the bond before the court? The condition of the present bond is: "Now, if the said Bowie should make a good and sufficient title to him, the said Wylie, to the aforesaid land, namely, seven hundred acres of Spanish confirmed land claims, then the above obligation to be void." There is no substantial difference in these two bonds; and Judge Trimble and the whole court held that the obligation in the case of Ramsey v. Matthews was to be regarded as a bond with collateral conditions, in which the law requires breaches to be assigned.

We abstain from further remarks on a question which to us appears so free from doubt. The other objection taken to the declaration, we deem untenable. Judgment reversed.