## JACKSON *v.* BAKER.

Where several things are stipulated to be done—some of which, if not performed, might lead to much and others to little injury, and one amount of forfeit only, in case of default, is inserted, it will be looked upon as a *penalty*. But where each particular act is connected with a particular specified forfeiture, in such case each neglect will make each forfeiture *liquidated damages.*

B. agreed in writing to sell I. a house, which was mortgaged. The bond and mortgage were to be taken up at a specified time. I, was, in the meantime, to have the property insured. For any violation of the agreement or any part thereof the parties mutually agreed to forfeit and pay to each other five thousand dollars as liquidated damages. The purchase was consummated by B's giving a deed and receiving from I. the consideration less the amount due on the mortgage; but I. did not take up the bond and mortgage within the time stipulated, although he did not appear to be acting wilfully. B. brought an action, in consequence, to recover the five thousand dollars as liquidated damages. On a bill by I. to restrain the action, the court HELD the amount a penalty only: and gave B. the liberty of ascertaining his damages through a reference; but intimated (inasmuch as his damages could be nominal only) that further proceedings on his part would be at the peril of costs. If he waived all pretension to damages, a perpetual injunction was to issue and each party was to bear his own cost-. Chancery, having jurisdiction, can,[ where it is necessary, ascertain the damages of a party by an issue of *quantum damnificatus* or by a reference.

---

The defendant, William F. Baker, had brought an action in the court of Common Pleas for the city and county of New-York against the complainant, Joseph Jackson, to recover the sum of five thousand dollars, alleged to have been the amount of liquidated damages contained in an agreement.

This agreement was made in writing between the complainant and defendant on the tenth day of November one thousand eight hundred and thirty-one; and by it the said William F. Baker agreed to sell to Jackson a house and lot known as No. 29 Bowery, corner of Bayard Street in the City of New-York, for the sum of twelve thousand, seven hundred and fifty dollars, subject to a mortgage of eight thousand dollars. The balance of four thousand, seven hundred and fifty dollars to be paid by the complainant on or before the sixth day of December thereafter; and upon the payment of that sum, the defendant was to execute to

1835.

JACKSON
v.
BAKER.

the complainant a warrantee deed, with full covenants, for the said premises, free and clear of all incumbrances, except the said bond and mortgage held by Mr. Lenox—and which bond and mortgage were to be taken up and cancelled by the complainant on receipt of the deed or as soon as the said Lenox or his assigns should require payment and a new bond and mortgage given, if necessary, by the said complainant to the said Lenox or his assignee. If said Lenox should not require payment previous to the first day of June then next, the same was not to be left outstanding and uncancelled of record after that date. And between the last mentioned time and the sixth of December, the said complainant was at liberty to have carpenters and masons to repair and fix, but not to make alterations. Jackson was also to have the premises insured. For any violation of the said agreement or any part thereof the parties mutually agreed "to forfeit and pay to each other the sum of five thousand dollars as liquidated damages, to be paid by the party who should violate the said agreement or any part thereof.'

On the sixth day of December one thousand eight hundred and thirty-one, the complainant paid the defendant four thousand seven hundred and fifty dollars ; and received a deed executed by the defendant and his wife. The mortgage held by Mr. Lennox was not redeemed or exchanged within the time stipulated by the agreement ; and this was the cause of the present action. There did not appear to have been any wilful delay on the part of the complainant.

The bill was filed for a perpetual injunction staying proceedings at law upon the agreement and that the latter might be delivered up and cancelled and the defendant pay the costs of the suit at law ; and for further relief.

It appeared that the attorney, when drawing up the agreement, asked what amount of damages he should put in, when the defendant said three, four or five thousand dollars and that the complainant rejoined, " yes—five or ten thousand dollars—any sum Mr. Baker is willing I agree to. I am willing to pay any amount if I don't fulfil it on my part and Mr. Baker must do so on his part."

The complainant alleged the intention to have been a penalty, while the defendant insisted upon the meaning of the parties to have been, strict legal damages.

A tender of the costs at law had been made.

1836.

JACKSON
v.
BAKER.

Mr. *T. C. Pinckney,* on the part of the complainant.

Mr. *Clarkson,* for the defendant.

THE VICE-CHANCELLOR:—The great point in this cause is, whether the five thousand dollars, stipulated to be paid for any violation of the agreement, is in the nature of a penalty or to be understood as liquidated damages? The words are "for any violation of this agreement or any part thereof, the parties hereby mutually agree to forfeit and pay to each other the sum of five thousand dollars as liquidated damages, to be paid by the party who shall violate this agreement or any part thereof to the other party."

*February 1,*
1836.

If this be a penalty introduced only for the purpose of securing a performance of the covenants, then all that either party can recover for a non-performance or breach is the actual damage sustained, and this would be the result in a court of law as well as here. But if it enter into and form a part of the contract to pay so much money as a fixed and ascertained amount for any violation of the articles of agreement, then neither this court nor a court of law can have any right to interfere with it.

It is to be observed, that the contract provides for the performance of a number of things on both sides—some of greater and others of less importance—and the non-performance of any one act within the time specified would be, in terms, a violation of the agreement and subject the delinquent party to the payment of the whole sum of five thousand dollars damages. There might be a trifling omission producing no actual injury or inconvenience: and yet the same consequence would follow as if the loss or damage were sustained to thousands of dollars. In such cases the rule appears to be established, to consider the sum, stated to be paid upon a breach, as a penalty; but where it is

agreed that if the party fail to perform a particular thing, then such a sum shall be paid by him, having reference to the particular act, the non-performance of which is thus to be compensated for, there the sum stated will be treated as the amount of damages already liquidated. This principle was laid down by Heath J. in *Astley* v. *Weldon*, 2 Bos. & P. 346, when Lord Eldon presided in the Common Pleas ; and it has been approved and acted upon repeatedly since.

In *Kemble* v. *Farron*, 6 Bing. 141, the words used in the agreement were as precise and explicit as they could be to show, not only affirmatively that the sum of one thousand pounds should be taken as liquidated damages, but negatively also that it should not be considered a penalty or in the nature thereof—and yet, upon the principle above stated, on the authority of *Astley* v. *Weldon*, Ch. J. Tindal held, and it was the unanimous opinion of the court, that as the agreement contained various stipulations of various degrees of importance and the clause fixing the sum was general and applied to the whole, it must be considered in the nature of a penalty and could not be deemed liquidated damages, unless the agreement had specified the particular stipulations to which the sum fixed upon as damages was to apply. In *Lowe* v. *Peers*, 4 Burr. 2225; *Reilly* v. *Jones*, 1 Bingh. 302 ; *Barton* v. *Glover*, Holt's N. P. Cas. 43 ; *Farrant* v. *Olmius*, 3 Barn. & Ald. 692, and *Crisdee* v. *Bolton*, 3 Carr. & P. 240, the contracts had either one specific object or the agreements for liquidated damages were all confined to some specific breach. In *Davis* v. *Penton*, 6 Barn. & Cress. 216, the agreement was for the sale of a good will of a business, with a variety of special provisions inserted in the agreement, and then this clause " and for the true performance, each party binds himself to the other in the penal sum of five hundred pounds to be recovered for any breach of the agreement in any court or courts of law as and by way of liquidated damages." Here, the court said, it could not be both penalty and liquidated damages ; and Bayley J. observed : " we must look at all parts of the instrument, in order to ascertain whether it was the intention of the parties that the five hundred pounds should be a penalty or liquidated damages." Now, where the sum which is to be

the security for the performance of an agreement to do several acts will, in cases of breach of the agreement be, in some instances, too large and in others too small a compensation for the injury thereby occasioned, the sum is to be considered a penalty. Holroyd J. expresses himself to the same effect; and Mr. Justice Littledale remarks: "Since the statute 8 and 9 Will. 3, parties, in framing agreements, have frequently changed the word *penalty* for *liquidated damages*, but the mere alteration of the term cannot alter the nature of the thing; and if the court see, upon the whole agreement, that the parties intended the sum to be a penalty, they ought not to allow one party to deprive the other of the benefit to be derived from the statute."

These are the principles upon which the English Common Law Courts have dealt with this question; and it is quite apparent that the inclination there is in favor of construing a sum specified to be paid upon any breach of the contract rather as mere form than conventional. A note from the pen of the reporter, in 5 Cowen, 150, contains some very valuable hints on this subject, corresponding, in principle, with the views which the judges in England have since taken in several of the cases above referred to; and in addition to all this, I think the case of *Dennis* v. *Cummins*, 3 J. Ca. 297, from its analogy, is an authority for considering the present a case of a penalty. There, the covenant was that in case either party failed to fulfil the agreement, the party failing to perform should forfeit and pay to the other the sum of two thousand dollars as damages; and the Supreme Court, judging from the whole instrument and the nature of the transaction, construed the sum to be a penalty and nothing more. Here, the like words were used—"forfeit and pay" so much; and whether as "damages" or as "liquidated damages" can make little or no difference in the meaning and certainly not enough to justify an entirely different legal construction of the expressions.

Some reliance is placed upon the evidence, which it is said the defendant's answer furnishes, of the parties mutual understanding at the time of reducing their agreement to writing, namely, that the sum inserted was not a mere penalty, but an amount actually agreed to be paid as damages

in case of any breach of the agreement. The answer gives the conversation which took place at the time ; and the suggestion, to insert something by way of damages for breach of the agreement, appears to have come from the person employed to write it and while he was in the act of doing so—and there is nothing to show that the parties had previously, in their negociation or in settling the terms of the contract, thought of the matter. The answer states, that when it was asked if there were to be any damages for violating the agreement, each party replied " yes ;" and on again enquiring what amount should be inserted, the defendant said " three, four or five thousand dollars," and the complainant said, " yes, five or ten thousand dollars—any sum Mr. Baker is willing I agree to—I am willing to pay any amount if I don't fulfil it on my part and Mr. Baker must do so on his part"—and then the writer put in the sum of five thousand dollars. This, to my mind, does not look much like liquidated damages—or adjusting or settling an amount of damages, when it was a matter of perfect indifference to the parties whether the sum should be three thousand or ten thousand dollars ; and, however it may appear in words, it comports much better with the manner in which that clause happened to be inserted in the agreement to give to it the character of mere form than of absolute substance. There is, besides, some testimony to show that the parties had not any very distinct idea beyond that of its being a penalty, for they spoke of it afterwards as a penalty which the complainant was under to get up the outstanding mortgage which had been given by the defendant. I think it is to be considered in no other light.

The next question then is, whether the complainant is entitled to any and what relief in this court ? In the suit at law, which this bill was filed to restrain, the question of penalty or liquidated damages could as well be determined there ; and in suits for penalties, courts of law permit plaintiffs to recover no more than their actual damage. Still, the complainant, being sued at law, had a right to resort to this court for an injunction and for relief against the penalty ; and this court having jurisdiction, can, where it is necessary, ascertain the damages by an issue of *quantum damnificatus :*

*Sloman* v. *Walter*, 1 Bro. C. C. 418, or can ascertain the damages by reference to a master. At most, the damages would seem to be merely nominal—no other breach of the contract is alleged than the mere delay (until about the first of September) in taking up the bond and mortgage which the defendant had given and which the complainant had assumed to pay and discharge by the first day of June preceding, and from which delay the defendant sustained no perceivable actual injury or inconvenience. I consider the defendant was clearly wrong in taking the ground, as declared by his attorney, that he meant to exact every cent of that five thousand dollars as damages and by refusing to discontinue the suit at law on tender of his costs. The complainant appears to have been willing also to pay any damages which the defendant or his attorney could point out he had sustained. Hence, I am of opinion this controversy should not have been prolonged.

If the defendant desire it, I will direct a reference to give him an opportunity of proving the damages, if any, which he has actually sustained; and all further directions can then be reserved until the master's report comes in: but further proceedings will probably be at the peril of costs against the defendant. If he now chooses to waive his pretension to damages, I shall at once decree a perpetual injunction against any further proceedings at law for breach of the covenant; and leave each party to bear his own costs.