## WATTS vs. WATTS.

A bill in equity will not lie to recover a penalty. Thus where a bond was given bearing six per cent interest, and a mortgage to secure its payment, in which was a proviso, that if payment of the bond were not punctually made, it should bear four per cent. more. Failure to pay one year's interest being made the penalty was paid, and then the bond and six per cent. were paid off. A bill to foreclose for the four per cent. penalty for a second failure will not be sustained.

### Error to Pike Circuit Court.

SCOTT, J., *delivered the opinion of the Court.*

This is a bill in chancery to foreclose a mortgage. The facts are substantially these:

Watts, the plaintiff in error, executed a bond to the testator of the defendant in error, for money loaned. The bond bore six per cent. interest. A mortgage was also given to secure the payment of the bond, which contained a proviso, that if the principal and interest were not punctually paid at the time appointed, then the mortgagor should pay four per cent. additional interest. The defendant in error assigned the bond, and it, with all the interest thereon, was paid. Under the proviso in the mortgage, the four per cent. additional interest was paid for one year, and this suit is brought to recover the balance of the four per cent. interest which accrued before the assignment of the bond. A demurrer to the bill was overruled.

This is a bill in equity to recover a penalty; a thing never allowed. The authorities abundantly show that the proviso in the mortgage is regarded by courts of equity as a penalty. Hollis vs. Wyse, 2 Ver. 289; Strode vs. Parker, 2 Ver. 316; Brown vs. Barkham, 1 P. Wms. 562; Siton vs. Slade, 7 Ves. junr. 273; Newland on contracts. Equity relieves against such penalties by allowing interest upon the interest that is not paid at the appointed time. In this case, the party has been amply indemnified for the delay in payment. The other Judges concurring, the decree will be reversed and the bill dismissed.