HORN *v.* N$_\omega$ H *et al.*

Where a note, which is payable at a given time, specifies that, if not paid when due, to bear twenty-five per cent. interest, the interest should be computed from the date, and not the maturity, of the note.

*Appeal from the Davis District Court.*

THE defendants executed the note on which this suit was brought, which reads as follows : " On or before the first day of March, 1854, we, or either of us, promise to pay George W. Games or order, one hundred and thirty-eight dollars and ten cents. If not paid when due, to bear twenty-five per cent. interest, for value received ; payable at Bloomfield, Davis county, Iowa. March 31, 1852." The note was indorsed to the plaintiff. On the back of the note, were the following credits : " Received on this note, $100.00, in a draft on Adams & Co., May 24, 1854." " Received on this note, $47.85, in a draft on New York, July 7, 1854. G. W. Games." On the trial of the cause, which was submitted to the court, the note and indorsements being the only evidence introduced, a judgment was rendered in favor of the defendants for costs. From this judgment the plaintiff appeals, and in this court assigns the following errors :

1. The court erred in the computation of the interest.

2. The interest should have been computed from the date of the note, instead of its maturity.

*Knapp & Caldwell,* for appellant, cited *Parvin* v. *Hoopes,* Morris, 294 ; *Daggett* v. *Pratt,* 15 Mass. 177.

*David P. Palmer,* for appellees, referred to 1 Dig. Kentucky Reports, 991 ; 5 Cowen, 611 ; U. S. Equity Dig. 101.

WOODWARD, J.—The only question is, whether the note bears the stipulated rate of interest from date, or from its maturity ? The District Court held the latter.

Such is the ambiguity of the terms of this note, as bearing on this question, that if it were submitted to an hundred indifferent minds, they would probably differ upon it nearly equally. Two of the members of this court have it to adjudicate (the chief justice having been of counsel), and the mind of one of us, independent of adjudicated cases, would incline to the decision of the District Court. But the question being very doubtful, as an original question, and having been several times judicially determined, we conclude to adhere to the decisions. *Parvin* v. *Hoopes*, Morris, 294; *Daggett* v. *Pratt*, 15 Mass. 197; 1 Dig. Kentucky Reports, 991.

Such a contract is easily made plain by the use of a word, as in *Wight* v. *Shuck*, Morris, 425; *Wilkinson* v. *Demick*, 1 G. Greene, 179.

The judgment must be set aside, and a new trial granted.