## ALFRED G. ROGERS et al. *v.* MARY H. SAMPLE.

1. INTEREST: AGREEMENT TO PAY INTEREST FROM DATE, ON CONDITION OF FAILURE TO PAY AT MATURITY, NOT USURIOUS.—A stipulation in a contract, that if the debt be not punctually paid at maturity, the debtor shall pay interest from date, is not usurious, and interest will be given accordingly. See 1 Bibb. 242; Harper's R. 397; 1 Blackf. 69. (Smith, C. J., dissented.)

Rogers et al. *v.* Sample.

In error from the Circuit Court of Holmes county. Hon. E. G. Henry, Judge.

*Dyer* and *Bosters*, for plaintiff in error,

Contended, that the contract was usurious, and to sustain this view, they cited 6 Munf. R. 495; 1 Tucker's Com. 408; 2 U. S. Dig. 616, § 209.

*Fultz* and *Reil*, contra,

Cited, *Satterwhite* v. *McKie*, Harper's R. 397; *Doggett* v. *Pratt*, 15 Mass. R. 177; *Gulley* v. *Renney*, 1 Blackf. R. 69; Hardin's R. 175.

HANDY, J., delivered the opinion of the court.

This was an action, brought by the defendant in error, upon a promissory note, made by the plaintiffs in error, in December, 1853, whereby they promised to pay, on the first day of January, 1855, three hundred and ten dollars, for the hire of certain slaves, the note containing an agreement that it should bear six per cent. interest from the date, if not punctually paid. The makers failed to pay the note, and this action was brought to the next term after its maturity, and judgment rendered for the defendant in error for the principal, with interest from the date of the note, according to its terms.

The only question presented is, whether the plaintiff could legally recover interest in the suit, from the date of the note.

This point has been differently decided by several courts of the States of this Union. In Virginia, it has been held, that such interest is not recoverable, because it is to be regarded in the nature of a penalty, which, upon principles of equity, cannot be enforced. *Waller* v. *Long*, 6 Munf. 71.

On the contrary, it is held in Kentucky, that such interest is recoverable, because it is a contract made between competent parties, and fairly, in violation of no statute or principle of sound policy, or of morals. *Rumsey* v. *Matthews*, 1 Bibb. 242. And this view is also sanctioned in South Carolina and in Indiana. *Satterwhite* v. *McKie*, Harper, 397; *Gulley* v. *Renney*, 1 Blackf. 69.

We consider the rule held in the latter cases as the most just and reasonable, and as calculated to promote better faith, and greater punctuality in the performance of such contracts.   As to the validity of the agreement to pay interest accruing before the maturity of the note, in point of consideration, it cannot be questioned that the note might be drawn to bear interest absolutely from its date, though the consideration for which it was given might not be complete until its maturity.   If such an agreement would be valid, why might not the parties stipulate, as a part of the contract, that the interest should be paid from the date, in the event that the debtor should fail to make punctual payment?   If the parties could contract for the payment of interest absolutely from the date, there appears to be no good reason why they should not agree, as a part of the contract, that it should be paid from the date, on condition. This case is substantially one of a contract to pay principal and interest from the date of the contract, at a stated time, with an agreement that, if the principal be punctually paid, the interest shall be remitted; and in such a case, it has been held that full interest may be recovered in case of default.

There is nothing illegal or unconscientious in such a contract; for the debtor can readily avoid the payment of interest by doing that which law and good faith require him to do, viz., paying the principal at maturity.   He is therefore subjected to no loss, except what he has occasioned by his own wrong.

The judgment below was in accordance with this view, and it is therefore affirmed.

SMITH, C. J., dissented.