## OWEN T. REEVES, Admr.

### *v.*

### GEORGE W. STIPP.

1. INTEREST FROM DATE—*to insure prompt payment.* Where a promissory note provides for the payment of ten per cent interest from date if not paid when due, it may be regarded as an agreement to pay a specific sum of money with interest from date, with the privilege to the maker to pay the principal without interest at maturity. If this is not done, the absolute agreement remains in force as made, and may be enforced.

2. SAME—*not released by party's death.* Where parties understandingly and fairly enter into a contract for the payment of money by the one to the other, agreeing to pay a certain lawful rate of interest from date, if not paid when due, the death of the debtor before maturity will not discharge his estate from the payment of the interest.

3. CONTRACT—*when provision is penalty, and when liquidated damages.* Whether the sum named in an agreement to secure performance is to be treated as liquidated damages, or as a penalty, must depend upon the intention of the parties where that can be ascertained, and this is the case where the parties call such sum neither penalty nor liquidated damages, but simply interest.

WRIT OF ERROR to the Appellate Court of the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. O. L. DAVIS and Hon. LYMAN LACEY, Justices.

The claim in this case is based on a promissory note made by John Starling, since deceased, bearing date February 1, 1876, for the sum of $1624, payable ten months after date to A. R. Jones or order, with interest at the rate of ten per cent per annum from date, for value received, if not paid when due, and by the payee assigned to claimant. It is admitted the maker of the note died May 15, 1876, and appellant was appointed administrator of his estate June 5, 1876, and that the note was presented for allowance as a claim against the estate on the 21st day of December, 1877. It appears the county court allowed the principal of the note with interest at the rate of ten per cent per annum *after* the maturity of the note; but on appeal the circuit court allowed claimant the

39—91 ILL.

face of the note with interest at the rate of ten per cent per annum from the *date* of the note to the *date* of the allowance of the claim. On the hearing of the appeal taken to the Appellate Court, the judgment of the circuit court was affirmed, and the administrator brings the case to this court on appeal.

Mr. O. T. REEVES, *pro se.*

Messrs. TIPTON & POLLOCK, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The judgment in this case might be affirmed on the ground the note is an agreement to pay a specific sum of money with interest at the rate of ten per cent per annum from date, but with the privilege to the maker to pay the principal without interest at maturity. As that was not done the absolute agreement remains in force as it was made, and may be enforced against the estate of the maker as it might have been against him if living.

The defence insisted upon is, that the interest reserved in the note from the date thereof, unless paid at maturity, is a. penalty, and as the maker died before the note matured, it is contended the estate, equitably, ought not to be held for it. The fallacy of the position taken lies in the assumption, that the rate of interest reserved from the date of the note, which was evidently intended to secure prompt payment, is penalty and not liquidated damages. Whether the sum named in an agreement to secure performance will be treated as liquidated damages or as penalty, is often a question of much difficulty, but the authorities are to the effect it must be determined in accordance with the intention of the contracting parties, when that can be ascertained. *Gobble* v. *Linder*, 76 Ill. 157. It is very clear the parties in this case intended the interest reserved should be the measure of damages in case the note was not paid when due. The parties call it neither penalty nor liquidated damages, but that is a matter of no conse-

quence. It is simply a rate of interest which is lawful by contract under our statute from the date of the note, inserted with a view to secure prompt payment. It is a contract the maker could lawfully make, and if living it could be enforced against him as valid and binding in law. It is not understood how the death of the maker of the note can render void his contract understandingly and fairly entered into. The intestate chose to make his contract in this form, and no reason exists why it should not be enforced as he made it. It may well be understood, from the contract itself, that the damages for non-payment of the principal of the note at maturity have been the subject of calculation and adjustment, and the amount definitely agreed upon by the rate of interest fixed from the date of the note.

It is said, that because of the death of the maker he could not pay the note so as to avoid the interest from date. Were that a valid objection, it might be urged with equal propriety against paying interest on any interest bearing obligations after maturity in case of the death of the makers—a proposition that finds no sanction either in reason or authority.

The judgment must be affirmed.

*Judgment affirmed.*