ISAAC PARKER, JR., V. JOHN C. PLYMELL, *et. al.*

NEGOTIABLE NOTE; *Interest; Notice.* In a note otherwise negotiable, and containing a promise to pay interest at twelve per cent. after maturity, was this stipulation: "If this note is not paid at maturity, the same shall bear twelve per cent. interest from date." *Held,* That these stipulations were tantamount to a promise to pay interest from date until paid, at twelve per cent., with a proviso that if promptly paid at maturity no interest would be exacted; that they did not destroy the negotiability of the paper, nor impart notice to a *bona fide* purchaser for value before maturity, of usury in the inception of the note.

*Error from Sumner District Court.*

ACTION by *Parker*, against *Plymell* and wife, upon two promissory notes, and a mortgage given as security for their payment. The facts are stated in the opinion. Trial at the April Term, 1879, of the district court, and judgment for the defendants. The plaintiff brings the case here.

*Stanley & Wall,* for plaintiff in error.

*McDonald & Hutchin,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on two notes, and for a foreclosure of the mortgage given as security for them. The plaintiff was a *bona fide* holder for value, before maturity. No actual notice of any defenses was shown. The notes were negotiable, unless and save as affected by the following matters. The promise was to pay interest at twelve per cent., after *maturity;* and after this promise were these words: "If this note is not paid at maturity, the same shall bear twelve per cent. interest from date." As a fact, there was usury in the inception of the notes. As a conclusion of law, the court held, that by reason of the words above quoted, the purchaser took the notes, charged with notice of the usury; and this presents the sole question for our consideration.

Clearly, these words do not destroy the negotiability of the

paper. They do not leave uncertain either the fact, the time, or the amount of payment. Indeed, up to and including the maturity of the notes, they are entirely without force. They become operative only after the notes are dishonored and have ceased to be negotiable, and then there is no uncertainty in the manner or extent of their operation. They create, as it were, a penalty for non-payment at maturity, and a penalty the amount of which is definite, certain and fixed. In this respect, they are even less objectionable than the stipulation concerning attorney-fees, which was considered in the case of *Seaton v. Scovill*, 18 Kas. 433, for there the amount was not fixed and named, but the stipulation was for reasonable attorney-fees. See also 1 Daniel on Neg. Insts., §§ 53, 54, 61, 62; *Tholen v. Duffy*, 7 Kas. 410; *Gould v. Bishop Hill Co.*, 35 Ill. 325.

Now if these words do not affect the negotiability of the paper, can they restrict the amount of recovery as against a *bona fide* holder for value before maturity? Is not that the very essence of negotiability, that such a holder may rely upon the face of the contract, and recover according to its terms, any transaction between the maker and payee to the contrary notwithstanding? The court held that these words imparted notice of usury. But how? The penalty is not recoverable as interest, and if it were in this case, it is not usurious. Grant that the courts will not tolerate a penalty which is a mere cover for usury, and still this penalty would have to be sustained, for it only calls for twelve per cent. interest. This stipulation provides for twelve per cent. interest before maturity, as another stipulation does for twelve per cent. interest after maturity. Nowhere in the note is more than twelve per cent. named. The effect of these stipulations is no more than that of a promise to pay twelve per cent. from date until paid, with a proviso that if promptly paid at maturity, no interest will be required. It may be said that where a note calls for no interest till after maturity, the presumption is that interest was taken out in advance. Whatever may be true of bank paper, we think no such

prèsumption of law exists as to ordinary notes. Generally it may be true that such is the case, but it is not always so. The loan may be a friendly one, and only the certainty of prompt payment a matter desired by the lender, or there may be no loan at all, but a sale of property on time with security, and the only purpose of the penalty to secure promptness in payment. The note does not say that interest has been taken out in advance, nor is such fact necessarily to be presumed from its terms. The utmost that can be said is that the language suggests the probability of such a fact, but this is far from imparting notice to a *bona fide* purchaser, or operative to restrict his right of recovery.

The judgment will be reversed, and the case remanded with instructions to render judgment for the full amount of principal and interest due upon the face of the papers.

All the Justices concurring.