[No. 1592.  Decided May 15, 1895.]

THOMAS S. KRUTZ, *Appellant*, v. ELIZA J. ROBBINS *et al., Respondents.*

MORTGAGES — INCREASE OF INTEREST ON DEFAULT — WHETHER EN-
FORCEABLE.

An agreement in a note and mortgage securing it,. that, in case of default in the payment of any installment of interest, insurance premium, taxes, or the principal, the mortgagor will pay an increased rated of interest is in the nature of a penalty and is unenforceable in a suit for foreclosure.

*Appeal from Superior Court, King County.*

*George Fowler* ( *Crowley, Sullivan & Grosscup*, of counsel), for appellant.

*Greene & Turner*, for respondents.

The opinion of the court was delivered by

ANDERS J.—On March 1, 1889, the defendants Robbins borrowed from the plaintiff Thomas S. Krutz the sum of $2,500, for which they gave him their promissory note payable five years after that date at the Chemical National Bank in the City of New York, with interest at the rate of seven per cent. per annum, payable semiannually.  Coupons for the several semiannual installments of interest were attached to the note, in each of which it was provided that the sum therein named ($87.50) should draw interest at the rate of twelve per cent. per annum after maturity.  The note further provided that it should bear interest after maturity at twelve per cent. per annum, and that on failure to pay the interest when due the principal should become due and payable and  might be at once collected.

To secure the payment of this note the makers, on

said day, executed to the plaintiff a mortgage on certain real estate in A. A. Denny's Addition to the City of Seattle; which mortgage contained, among others, the following covenants and agreements:

"And the said first parties do hereby covenant and agree that at the delivery hereof they are the lawful owners of the premises above granted, and seized of a good and indefeasible estate of inheritance therein free from all incumbrances, and that they will warrant and defend the same against the lawful claims of all persons whomsoever. . . . Now, if said first parties shall pay or cause to be paid the said sum of money, with interest thereon according to terms of said note, then these presents shall be void; but if said sum of money or any interest thereon is not paid when due and payable, or if any taxes or assessments now or hereafter levied or imposed in said county or territory against said real estate, or upon this mortgage, or the notes secured thereby are not paid when the same are due and payable, or if default be made in the agreement to keep said property insured as hereinafter set forth, then in either of these cases, the said principal note with the interest thereon, shall, and by this indenture does immediately become due and payable at the option of the second party or assigns, to be at any time thereafter exercised without notice to the first parties. But the legal holder of this mortgage may at his option pay said taxes, assessments or charges for insurance, so due and payable as the mortgagors or assigns shall neglect or refuse to pay as herein set forth, and charge them against said first parties; and the amount so charged, together with interest at the rate of twelve per cent. per annum, payable semiannually, shall be an additional lien upon the said mortgaged property; and the said mortgagees or assigns may immediately cause this mortgage to be foreclosed, and shall be entitled to the immediate possession of the premises and the rents, issues and profits thereof. Said first parties agree to keep the buildings erected or to be erected on said land insured to the amount of

$3,000, to the satisfaction of and for the benefit of the second party or assigns, from this time until said note and all liens by virtue hereof are fully paid.

" It is hereby agreed that in case of default of payment of any sums herein covenanted to be paid, or in default of performance of any covenant herein contained, the said first parties agree to pay to said second party or assigns interest at the rate of twelve per cent. per annum, computed semiannually on said principal note, from the date thereof to the time when the money shall be actually paid, and any payments made on account of interest shall be credited in said computation so that the actual amount of interest received shall be and not exceed twelve per cent. computed semiannually as aforesaid."

The first two coupons, due September 1, 1889, and March 1, 1890, respectively, were paid in full at maturity, and thereafter, at irregular intervals, various sums, but in each instance less than the amount due, were paid on account of interest, the last payment having been made on June 28, 1892. The plaintiff paid insurance premiums on two occasions, a part of which was repaid by the mortgagors; and he also paid the taxes on the mortgaged property for the years 1890 and 1891, after the same had become delinquent. The note was not paid at maturity, and in May, 1894, this action was instituted to foreclose the mortgage.

The plaintiff in the action sought to recover interest on the note from its date at the rate of twelve per cent. per annum, compounded semiannually; in accordance with the stipulation in the mortgage above set forth. The court, however, awarded him but seven per cent. interest on the note, computed semiannually from date to maturity, and thereafter at the rate of twelve per per cent. per annum. Interest was also allowed on each coupon at the rate of twelve per cent. per annum from maturity, as therein specified. The amount re-

covered is $866.33 less than plaintiff conceives himself entitled to, and hence this appeal.

The trial court, it will be seen, based its decision as to the rate of interest on the stipulation in the note itself in regard thereto, but appellant contends that the ruling was erroneous for the reason that it gave no effect whatever to the stipulation in the mortgage providing for interest on the principal note, at the rate of twelve per cent. per annum from its date in case of default. He claims that that provision was part of the contract between the parties, and that inasmuch as it is not contrary to law or public policy, and is not immoral, it should be enforced as made. On the other hand the respondents insist that the provision in the mortgage for a higher rate of interest in default of payment of the principal or interest specified in the note, is in the nature of a penalty and unenforceable in equity. If this provision is a penalty there can be no doubt that it is unenforceable, for it is a universal rule in equity never to enforce either a penalty or a forfeiture. 2 Story, Eq. Jur., § 1319.

But what is a penalty, and what is liquidated damages, in a given case, it is not always easy to determine. As the question is one of intention, no single rule can be laid down which will furnish a certain and satisfactory criterion for all cases. In most cases many circumstances must be considered in order to ascertain the real intention of the parties. The courts, however, have deduced from the authorities certain general rules, "each having more or less weight according to the peculiar circumstances of each case." Among these rules is one which is almost universally recognized and acted on, and which is that where the payment of a smaller sum is secured by an agreement to pay a larger sum, the larger sum will be held a penalty and

not liquidated damages. *Keeble v. Keeble*, 85 Ala. 552 (5 South. 149), and cases cited; 1 Pomeroy, Eq. Jur., § 441; Adams' Equity, p. 108; 2 Parsons, Notes and Bills, pp. 413, 414; *Seton v. Slade*, 7 Ves. Jr. 265; 3 Blackstone Commentaries, 432; *Holles v. Wyse*, 2 Ver. 284; *Strode v. Parker*, 2 Ver. 306; *Orr v. Churchill*, 1 H. Bl. 227; *Bonafous v. Rybot*, 3 Burr. 1370; *Parker v. Butcher*, L. R. 3 Eq. 762; *Tiernan v. Hinman*, 16 Ill. 400; *Watts v. Watts*, 11 Mo. 547; *Mason v. Callender*, 2 Minn. 350 (72 Am. Dec. 102); *Richardson v. Campbell*, 34 Neb. 181 (51 N. W. 753, 33 Am. St. Rep. 633); *Waller v. Long*, 6 Munf. 71.

In *Alexander v. Troutman*, 1 Kelly, 469, this is said to be the settled doctrine. If this case, therefore, falls within the rule stated, the provision in the mortgage for an increased rate of interest in case of default in the payment of principal or specified interest, is in the nature of a penalty, and the trial court was right in refusing to enforce it. While, in construing contracts, due weight will be given to the language used, still courts of equity will not be absolutely controlled by the words employed, when the enforcement of such contract will cause an unconscionable hardship or otherwise work an injustice. *Keeble v. Keeble, supra.*

A penalty has been defined to be an agreement to pay a greater sum to secure the payment of a less sum (*Henry v. Thompson*, Minor (Ala.), 209), and it seems to us that this case clearly falls within that definition and the rule above stated. The additional rate of interest is essentially a penalty, although not designated as such. It could not have been intended as compensation for the use of the principal before maturity, for the reason that seven per cent. interest was agreed on as the rate of compensation. It could not have been intended as compensation for

failure to pay the interest when due, because it is neither proportioned to the amount of interest nor to the length of time the debtor is in default. The provision for five per cent. extra interest must therefore be considered as a provision to secure the prompt payment of seven per cent. interest on the principal debt, and also taxes, insurance and principal when due.

The learned counsel for the appellant cite a large number of cases in support of the proposition that whether a debtor shall pay any interest, or a higher or lower rate of interest, may be made by agreement of parties to depend upon his prompt payment of the principal at maturity. But most of them are cases where the contract provided for no interest, if the principal should be paid at maturity, but contained a provision for interest if payment was not so made. Whether such a contract would be enforced was the question to be determined in the following cases cited by appellant: *Rumsey v. Matthews*, 1 Bibb, 242; *Gully v. Remy*, 1 Blackf. 69; *Horner v. Hunt*, 1 Blackf. 214; *Hackenberry v. Shaw*, 11 Ind. 392; *Satterwhite v. McKie*, Harp. 397; *Wakefield v. Beckley*, 3 McCord, 480; *McNairy v. Bell*, 1 Yerger, 502; *Parvin v. Hoopes*, 1 Morris, 294; *Horn v. Nash*, 1 Iowa, 204 (63 Am. Dec. 137); *Fisher v. Anderson*, 25 Iowa, 28 (95 Am. Dec. 761); *Alexander v. Troutman*, 1 Kelly, 469; *Rogers v. Sample*, 33 Miss. 310 (69 Am. Dec. 349); *Reeves v. Stipp*, 91 Ill. 609; *Parker v. Plymell*, 23 Kan. 402; *Main v. Casserly*, 67 Cal. 128 (7 Pac. 426).

For various reasons, some of which are not very satisfactory, these several courts held such a contract valid and enforceable. In some of them the decisions were based on the notion that the contract in controversy was equivalent to an agreement for a

specified rate of interest, with a provision that the interest would be remitted if the principal was paid at maturity. See *Reeves v. Stipp, supra; Rumsey v. Matthews, supra; Satterwhite v. McKie, supra;* and in all of them the conclusion reached was deemed to be in accordance with the real intention of the parties as gathered from the whole agreement. So, in this case, the court ascertained and gave effect to the primary and principal agreement, and refused to enforce the superadded condition, because such condition was in effect, a penalty. We think, however, that the above cases are distinguishable from the case at bar in many particulars.

Appellant also cites *Daggett v. Pratt,* 15 Mass. 177; and *Wilkerson v. Daniels,* 1 G. Greene, 180; both of which hold that, where a rate of interest before maturity is specified and the contract provides for a higher rate if payment be not made at maturity, such higher rate is recoverable as upon the contract. The first of these cases is a law case, and the question of penalty does not seem to have been presented or considered; and in the second the decision appears to have proceeded on the theory that the contract to pay the higher rate of interest depended on a condition permitted by law. That argument would seem to be fallacious, for the reason that it assumes that any contract not prohibited by law is enforceable, whereas the rule is that equity will not enforce a penalty, even if it be not prohibited by law. But it would appear that that case, as an authority upon the point decided, is weakened, if not destroyed, by the subsequent case of *Conrad v. Gibbon,* 29 Iowa, 120. But whether that be true or not, it seems to us that that case is contrary to the rule generally recognized by courts of equity. And, besides, in this case there are

several contingencies or conditions which were not in that, and which appear to be penal in their nature. For instance, in the case at bar, the higher rate of interest is provided not only for default in payment of the principal, but for default in the payment of interest, or insurance or taxes. Moreover, the consequence is the same whether the least important or the most important of these stipulations is violated, viz., the payment of a higher rate of interest on the principal from date. And this is a further reason why these provisions for an increased rate of interest should in this case be considered a penalty. 1 Pomeroy, Eq. Jur., 441-444; 2 Greenleaf, Evidence, § 258; *Berry v. Wisdom,* 3 Ohio St. 241; *First Orthodox Church v. Walrath,* 27 Mich. 232; *Daily v. Litchfield,* 10 Mich. 29; *Jackson v. Baker,* 2 Edw. Ch. 471; *Lampman v. Cochran,* 16 N. Y. 275; *Alexander v. Troutman, supra.*

It may be said to be a general rule that the only cases in which the courts will give effect to a contract to pay a stipulated sum as damages are those where the damages provided against are uncertain and not ascertainable by any satisfactory and certain rule of law. *Mason v. Callender, supra;* 2 Greenleaf, Evidence, § 259. The case of *Galsworthy v. Strutt,* 1 Exch. 659, cited by appellant, is one of the numerous cases which might be cited illustrative of this principle. For the nonpayment of money the law awards interest as damages, and hence there is no difficulty in ascertaining the damages in this case, and it therefore does not fall within the rule just cited. We think the judgment of the trial court gave appellant all he was entitled to, and it must therefore be affirmed, and it is so ordered.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.