[No. 3820.]

McKay, Administratrix, v. The Belknap Savings Bank.

1. Bills and Notes—Evidence—Payment—Proof of Execution.
Proof of payment of interest on a note by the maker is *prima facie* proof of its execution.

2. Bills and Notes—Interest—Penalty.
A contract in a promissory note to pay a certain interest if paid at maturity but if not paid at maturity to pay a higher rate of interest from date of note is not a penalty imposed for the purpose of enforcing prompt payment, but is an agreement to pay a higher interest on a contingency and is enforceable.

3. Bills and Notes—Interest.
When the rate of interest at the place where a note is made is different from the rate at the place where it is payable, the parties may stipulate for either rate and the contract will govern.

*Appeal from the District Court of Arapahoe County.*

The appellee duly presented to the county court of Arapahoe county, for allowance against the estate of J. W. T. McKay, deceased, the following note :

"Know all men by these presents that I, Joseph W. T.

McKay, of the county of Arapahoe and state of Colorado, for value received, promise to pay to Crippen, Lawrence & Co. or order, five years from date hereof with privilege of payment in full at expiration of three years from date hereof at their office in the city of Concord, in the state of New Hampshire, the principal sum of seven thousand dollars with interest thereon at the rate of six per cent. per annum from date payable semi-annually on the eighth days of November and of May in each and every year according to ten certain coupon notes of even date herewith and hereto attached provided such coupon notes and this bond are paid when due, but if said coupon notes or this bond, or either or any of them, or any part thereof, are not paid when due, then this bond shall draw interest at twelve per cent per anuum from date payable semi-annually as aforesaid, the sum or sums paid on the coupon notes to be applied and credited thereon as part payment thereof.

" And it is expressly agreed that if default be made in the payment of any one of the coupon notes aforesaid or any part thereof at the time and place aforesaid, then and in that event said principal sum of seven thousand dollars with interest thereon at twelve per cent. per annum from date hereof, payable semi-annually as aforesaid, shall at the election of the holder hereof without notice at once become and be due, payable and recoverable anything herein to the contrary notwithstanding ; all valuation, appraisement, exemption and stay laws are expressly waived. This bond of seven thousand dollars is given for an actual loan of money and is and shall be negotiable and is secured by a certain deed of trust from Joseph W. T. McKay to W. R. Herrick, trustee, to secure the said Crippen, Lawrence & Co., and their assigns upon property situate in the county of Arapahoe, and state of Colorado, which said deed of trust is duly executed by us and recorded. Dated at Denver, Colorado, this 8th day of May, 1891.

(Signed)      " Joseph W. T. McKay,

" Postoffice, Denver, Colorado."

and five interest coupon notes, of which the following is a copy:

"$210. No..... Interest Coupon Bond No....., Real Estate Trust Deed Coupon Bond, Denver, Colorado, May 8, 1891.

"On the 8th day of May, 1895, for value received, I promise to pay to Crippen, Lawrence & Co., or order, at their office in Concord, New Hampshire, two hundred and ten dollars, the same being for interest at six per cent. per annum due on that day on Bond of $7,000 and if not paid when due to draw twelve per cent. interest until paid.   This interest bond is secured by trust deed properly executed and recorded.

(Signed)          "JOSEPH W. T. McKay,
                           "Postoffice, Denver, Colorado."

From the order of the county court allowing the same, the administratrix, Elvina McKay, appealed to the district court of Arapahoe county.   Upon the trial in the district court Joseph J. Crippin was sworn as a witness, and testified, among other things, as follows:   That he was the general agent of the appellee.   "Q. Will you look at this writing (showing witness note).   Did you ever see that before? A. Yes sir.   Q. What is it?   A. It is the note of J. W. T. McKay for $7,000.   Q. Did you see Mr. McKay sign the note? A. I think not."

He further stated that the note belonged to the bank; that no payment had been made on the principal; that there had been paid in the aggregate upon the interest coupon notes the sum of $1,050; that the coupons due May 8, 1894, and subsequent to that date were unpaid.   Thereupon the note and unpaid coupons were admitted in evidence, over the objection of counsel for administratrix.   Her counsel then moved for a disallowance of the claim for the reason that the claim had not been proven, and especially as to the allowance of interest at twelve per cent.   The court denied the motion and gave judgment for claimants in the sum of $11,060.   To reverse this judgment the administratrix brings the case here on appeal.

Messrs. Carpenter & McBird, and Mr. E. I. Stirman, for appellant.

Mr. H. M. Humphries, and Messrs. Harkless, O'Grady & Crysler, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

The assignments of error present, and counsel for appellant discuss, but two propositions : First, that the court erred in admitting the note in evidence without sufficient proof of its execution ; second, that it erred in allowing interest upon the note at the rate of twelve per cent per annum from date, as therein stipulated.

In support of the first proposition it is contended by counsel for appellant that sec. 3612, Gen. Stat. (sec. 4787 Mills' Ann. Stats.), which provides the manner of exhibiting claims against an estate in the county court, and which, *inter alia*, provides that "formal pleadings shall in no case be required ; but the issue shall be formed, heard and determined in the same manner as in actions before justices of the peace " governs upon the trial of a contest of this kind on appeal to the district court ; and the same rules of evidence apply as upon the trial in the county court ; and that the claimant must prove the claim by such evidence as would be required to establish a case in a justice's court.   If this be admitted, then it is clear that under the law governing the admission of written instruments in evidence in actions before a justice of the peace, the note was admissible without any proof of its execution in the first instance ; it being provided in section 2649, Mills' Ann. Stats. that :

"No party to any suit before a justice shall be permitted to deny his or her signature to any written instrument upon which suit shall be founded, * * * unless the said denial be under the oath of the party so denying the signature."

However this may be, and if it also be conceded that the testimony of the witness Crippen was insufficient to prove

that the note was signed by McKay, the fact that he had paid interest on the note was *prima facie* sufficient proof of its execution by him, and obviated the necessity of further proof of the genuineness of the signature. 2 Daniels on Negotiable Instruments sec. 1220; *Walter v. Trustees, etc.*, 12 Ill. 63.

In support of the second objection it is strenuously insisted by counsel for appellant that the additional interest provided in case of a default in payment of the coupons or the principal note, is a penalty imposed for the purpose of enforcing prompt payment, and therefore unenforcible in this proceeding. On the other hand, counsel for appellee contend that the agreement to pay an increased rate of interest in case of such default is a contract to pay a higher rate of interest on a contingency, or a contract for liquidated damages; and that such an agreement, not being in contravention of any statute, or affected by actual fraud, or such circumstances as warrant the inference of undue advantage, is enforcible both at law and in equity. We think the latter view is correct. Sec. 2253, Mills' Ann. Stats., provides that, "the parties to any bond, bill or promissory note, or other instrument of writing, may stipulate therein for the payment of a greater or higher rate of interest than eight per cent per annum, and any such stipulation may be enforced in any court of competent jurisdiction in the state."

Parties are at liberty, therefore, in this state, to stipulate for such rate of interest as they may see fit; and consequently may make the rate dependent upon the happening of a contingency, if they so elect; and the parties to this note unquestionably had the right to stipulate that a larger rate should be paid upon the failure to pay a smaller one when due; and such stipulation may be enforced in any court of competent jurisdiction.

"If the parties go to the extent of making the agreement in clear and explicit terms to pay a certain sum on the nonperformance of a covenant to pay a smaller sum, it is impossible to avoid giving effect to such contract." *Lynde v. Thompson*, 2 Allen, 456: *Galsworthy v. Strutt*, 1 Ex. 659;

*Finger v. McCaughey,* 114 Cal. 64; *Wilkinson v. Daniels,* 1 Greene (Iowa), 179.

The case of *Finger v. McCaughey* was an action to foreclose a mortgage given to secure a note which contained a clause respecting interest, as follows :

" With interest from date at the rate of ten per cent per annum, provided this note is paid at maturity, but, if not paid at maturity, then it shall bear interest at the rate of twelve per cent per annum from its date until paid."

The contention there, as here, was that " the attempt to increase the rate of interest on breach, and to have such increase relate back to the date of the note, is a penalty." The court said : " We differ with appellant ; in this state the rate of interest agreed upon in writing must be allowed according to the terms of the agreement until the entry of judgment (Civ. Code, sec. 1918) ; and it is competent for the parties to agree upon an increased rate contingent upon nonpayment of either principal or interest when due."

There are numerous cases which hold that a promissory note which provides that upon failure to pay the principal when due, interest shall be payable from date of note, is a good contract, and the interest is recoverable. Among them are the following : *Gully v. Remy,* 1 Blackf. (Ind.) 69 ; *Horner v. Hunt,* 1 Blackf. (Ind.) 213 ; *M'Nairy v. Bell,* 1 Yerg. (Tenn.) 502 ; *Parvin v Hoope,* 1 Morris (Iowa), 387 ; *Alexander v. Troutman,* 1 Kelly (Ga.), 469 ; *Horn v. Nash,* 1 Cole (Iowa), 204 ; *Hackenberry v. Shaw,* 11 Ind. 392 ; *Fish v. Anderson,* 25 Ia. 28 ; *Reeves v. Stipp,* 91 Ill. 609 ; *Daggett v. Pratt,* 15 Mass. 177 ; *Satterwhite v. M'Kie,* Harper's Law Rep. 397 ; *Rumsey* v. *Matthews,* 1 Bibb. (Ky.) 242 ; *Rogers v. Sample,* 33 Miss. 310.

We think, therefore, that the court properly allowed interest at the increased rate. Counsel for appellant, for the first time in their closing brief raise the question that, both principal and coupons being payable in Concord, New Hampshire, the law regarding interest in that state must govern; and therefore that no higher rate than six per cent is allowable.

The law upon this proposition is stated by Beach on Modern Law of Contr. vol. 1, § 606, as follows:

" When, at the place of contract, the rate of interest differs from that of the place of payment, the parties may stipulate for either rate, and the contract will govern, the parties having the right of election as to the law of which place their contract is to be governed."

The doctrine of the text is supported by the authorities. This objection, therefore, is without merit. Our conclusion is that the judgment of the court below is correct, and must be affirmed, which is accordingly done.

*Affirmed.*