Bissell, P. J.
If the statement had simply been followed by the citation of one authority the opinion perhaps would have been quite as satisfactory as it will be when we extend it to a statement of our conclusions. The consideration of the case began and was ended with the examination of the case decided by the supreme court. McKay’s Estate v. The Belknap Savings Bank, 27 Colo. 50. In a lucid and easily understood opinion the supreme court declared the law by which a note like that which is the gravamen of the present suit is to be construed and the rights of the parties measured. That court decided the questions, cited the authorities and stated the law. Since *353 this is a matter of general law and determines the principles by which such contracts are to be construed, the decision of that court is undoubtedly binding on us and on all others in this jurisdiction. I have therefore not taken the trouble to examine the question in any wise, for if by any possibility it should happen that my conclusions differed from the announcement found in that opinion, I would not be at liberty to formulate or express them. I do not intend to intimate there is any possibility of the sort, but give it as a reason why I decline to discuss the question. In that case an exactly similar note was under observation. The court decide_d directly that the additional interest provided for in case of default in the pajnnent of the coupons was not a penalty, but an agreement into which the parties had an undoubted right to enter and by which when completed they were wholly bound. The court also decided that the rate of interest might be computed according to that which prevails at the place of contract, and that the parties are bound by the election which they make in the premises. Having provided a rate of interest permissible by the law of the place of contract, the parties are obligated as they have contracted. Since both these questions are resolved against the appellant by the terms of that decision, there is no question before us on which the case can be reversed or on which the judgment can be disturbed. Some other questions have been argued by counsel, but we do not regard them as of sufficient consequence to affect the decision so long as these important matters are decided against the appellant. So far as we can see it was wholly unimportant what the prevailing rate of interest may have been in Colorado in cases of this sort, nor do we think that that proof is of any significance for the purposes of interpreting the contract which the parties made. The contract is not one which requires any interpretation. It is distinct and specific in its terms and definitely provides that in case of default of payment the whole loan shall hear interest at twelve per cent from its date until foreclosure and that the amount of money which may have been paid in the ' *354 shape of interest or in the liquidation of coupons shall be credited on the principal sum plus the twelve per cent interest from the time of default to the time of liquidation. It is a plain simple agreement which the supreme court says is en-forcible, and this being true it deprives the plaintiff of any possibility of a cause of action. This comes from the circumstance that the amount bid at the.foreclosure, $20,000, was less than the sum which was due at that date, and therefore there was and is no difference between the amount due and the amount bid which the plaintiff has a right to recover
We discover no error in the record or merit in the appeal, and the judgment will accordingly be affirmed.

Affirmed.