GEORGE D. HOPE, Respondent, v. MYRON D. BARKER, Appellant.

**Kansas City Court of Appeals, February 2, 1891.**

**Bills and Notes :** WHAT NEGOTIABLE. A note expressed to be "without interest thereon if paid at maturity ; if not paid at maturity to bear ten-per-cent. interest from date ;" held, per GILL, J., to be a negotiable note. SMITH, P. J., concurs in a separate opinion. ELLISON, J., dissents and holds that the case should be certified to the supreme court, as the opinion of the majority is in conflict with the decisions of that court.

*Appeal from the Cass Circuit Court.*—HON. CHARLES W. SLOAN, Judge.

AFFIRMED (*and certified to the supreme court*).

*Jas. T. Burney*, for appellant.

The instrument sued on in the first count in petition, not being certain and unconditional as to the amount to be paid, is not a negotiable promissory note. *Bank v. Gay*, 63 Mo. 33 ; *Bank v. Marlow*, 71 Mo. 618 ; *Storr v. Wakefield*, 71 Mo. 622 ; *Bank v. Gay*, 71 Mo. 627 ; *Samstag v. Conley*, 64 Mo. 476 ; *Fitzharris v. Leggatt*, 10 Mo. App. 527 ; *Garretson v. Purdy*, 3 Dak. 178 ; *Bullock v. Taylor*, 39 Mich. 237 ; *Meyer v. Hart*, 40 Mich. 517 ; *Sweeney v. Thickstun*, 77 Pa. 131 ; *Woods v. North*, 84 Pa. St. 407 ; *State v. Taylor*, 10 O. 378 ; *Johnson v. Speer*, 23 Alb. Law Jour. 13 ; *Boozier v. Anderson*, 42 Ark. 167 ; *Adams v. Seaman*, 23 Pac. Rep. 53 ; *Coffin v. Spencer*, 39 Fed. Rep. 262 ; *Altman v. Ritterhofer*, 12 West. Rep. 262.

*Noah M. Givan*, for respondent.

The note sued on, which provides it shall be "without interest thereon if paid at maturity, if not paid at maturity to bear ten-per-cent. interest from date," is a

negotiable promissory note. *Parker v. Pleymell*, 23 Kas. 403 ; 9 W. Rep. 815 ; *Smith v. Crane*, 33 Minn. 144 ; 53 Am. Rep. 20 ; *Towne v. Rice*, 122 Mass. 67 ; *Houghton v. Francis*, 29 Ill. 244 ; *Nickerson v. Sheldon*, 33 Ill. 372 ; 85 Am. Dec. 280 ; *Bank v. McMahon*, 38 Fed. Rep. 284 ; 1 Daniel on Negotiable Inst. [ 3 Ed. ] secs. 48, 53 ; Tiedeman on Commercial Paper, secs. 25*d*, 28, 28*a* ; *Stillwell v. Craig*, 58 Mo. 24 ; *Riker v. Mfg. Co.*, 14 R. I. 402 ; 51 Am. Rep. 413 ; *Kirk v. Ins. Co.*, 39 Wis. 138 ; 20 Am. Rep. 39.

GILL, J.—We are asked by this appeal to say whether the following is a negotiable promissory note, viz. :

"$194.25.    LEE'S SUMMIT, Mo., December 14, 1887.

" One year after date I promise to pay to the order of Dell Barker, agent, one hundred and ninety-four and twenty-five-hundredths dollars, without interest thereon if paid at maturity. If not paid at maturity to bear ten-per-cent. interest from date. For value received. Negotiable and payable at the Bank of Belton, Belton, Missouri.    JOHN E. WATSON."

In my opinion the writing contains, on its face, that certainty as to the amount to be paid necessary to constitute it a negotiable promissory note. " Paper, to be negotiable under the law merchant, must define by its terms what the obligation of the maker is, so that as it passes from hand to hand in the business of the world, it may be ascertainable from the face of the instrument what is demandable from the maker. *Windsor Sav. Bank v. McMahon*, 38 Fed. Rep. 286. Now, this instrument, absolutely and definitely, declares on its face just what amount shall be paid by the maker at any given time. The stipulation, of no interest to be charged if paid promptly at maturity, but ten-per-cent. from date if not so paid, was intended to encourage prompt payment, and to fix by agreement the damages of default. Interest is defined as the legal compensation or damage allowed for the detention of a debt. 2 Edw.

Bills & Notes, sec. 1000. This "legal compensation or damage" for the detention of a sum of money, admitted to be owing, in the absence of an express argument between the parties, is generally fixed by statute in the several states. In Missouri the rate is six per cent. However, the parties may legally stipulate for a greater amount as liquidated damages for the non-payment of a debt. It is immaterial whether this damage, so liquidated, agreed upon and expressed, is denominated a *penalty* or *interest*. It is entirely proper for the parties contracting to stipulate for interest from date by way of penalty or damage for failure to pay at maturity of the note. 2 Edw. Bills & Notes, sec. 1007, cases cited, note 3; *Cutter v. Howe*, 8 Mass. 257; *Daggett v. Pratt*, 15 Mass. 177; *Hackenbarry v. Shaw*, 11 Ind. 392; 2 Parsons, Notes & Bills, 413. "A negotiable promissory note must be certain as to amount. It is so certain when the sum to become absolutely payable upon it *at any given time* is ascertainable upon its face." *Smith v. Crane*, 33 Minn. 144; *Towne v. Rice*, 122 Mass. 73. It *is* ascertainable from the face of the note here discussed just what is called for at any given time. At its maturity ( December 14, 1888 ) the sum due is named at $194.25. The day following ( December 15, 1888 ) the note provides there shall be paid $19.42 more. There are no equivocal or doubtful promises made. There is no more doubt or uncertainty as to the amount to be paid the day after due, than if the note simply provided for interest from maturity. In either event the promise is to pay an additional sum if not paid at maturity. The only difference is as to the *sum* to be added. The case last cited ( 122 Mass. 73 ) is one where the note bore a certain rate of interest to maturity with a higher rate thereafter, and it was there said: "The instrument sued on is the promise to pay a definite sum of money at a specified time, and as it is payable to order and and indorsed by the payee, must be considered a negotiable promissory note, *unless* this character is altered

by that which follows the promise. An *additional* rate of interest is provided for if the note shall not be met at maturity, but, as the sum to be paid is still definite and payable absolutely, this cannot affect the negotiability."

While I am free to admit that in Kansas the courts have not been so exacting and rigorous as to negotiable promissory notes as have the courts of this state, yet the decision in *Parker v. Pleymell*, 23 Kan. 402, is quite persuasive here. In that case the promise was to pay interest at twelve per cent. after maturity, and after that promise were these words : "If this note is not paid at maturity, the same shall bear twelve-per-cent. interest from date." Judge BREWER, delivering the opinion of the court, says : "Clearly these words do not destroy the negotiability of the paper. They do not leave uncertain either the fact, the time or the amount of payment. Indeed, up to and including the maturity of the note, they are entirely without force. They become operative only after the note is dishonored and has ceased to be negotiable, and then there is no uncertainty in the manner or extent of their operation. They create, as it were, a penalty for non-payment at maturity, and a penalty the amount of which is definite, certain and fixed."

The instrument we have here is quite different from those condemned in the Missouri decisions, cited and relied upon by defendant's counsel. The element of uncertainty, there mentioned, grows out of an undertaking, in the body of the note, to pay an additional sum as "attorney's fees for collection," or "fees for collection," etc., as will appear by inspection of the cases : 63 Mo. 35 ; 64 Mo. 477 ; 71 Mo. 618 ; 73 Mo. 35 ; 83 Mo. 633. The promise contained in the instruments under review in these several cases was to pay an uncertain sum in addition to the principal amount. It could not be said whether or not an attorney would be employed, nor what would be a reasonable fee for collection. The reasoning of the courts in this class of cases is set out

in *Woods v. North*, 84 Pa. St. 409 ( an authority cited by defendant and approved by our supreme court ). The court there, by SHARSHWOOD, J., declares that the provision for attorney's fees for collection injects an element of uncertainty in the promise. " It is a mistake," he says, " to suppose that if the note was unpaid at maturity, the five per cent. ( there named as the fees for collection ) would be payable to the holder by the parties. It must go into the hands of an attorney for collection. It is not a sum necessarily payable. The phrase ' collection fee ' necessarily implies this," etc. In the case at bar no such matter of uncertainty appears. By an examination of the terms of the note, it can be definitely and absolutely determined just the amount called for by the instrument on any particular day. It matters not that, the day before its maturity, it could not be said whether or not the maker Watson would pay promptly on due day, and save the ten-per-cent. penalty or damage for non-payment. This may be said of a note promising interest from maturity, or for one rate of interest to due day with an increase of interest thereafter, *yet* because of the uncertainty as to whether or not the maker of such an instrument would pay at maturity, and thereby avoid paying any interest in the one case, or avoid the increase in the other, it cannot be said that such notes would be non-negotiable on that account.

Again, take the matter of an accepted bill of exchange. Our statute provides ( R. S. 1889, sec. 726 ) for certain damages for non-payment by the acceptor. In some cases the holder of the bill of exchange is entitled to recover four per cent., in others ten per cent., and in others even twenty per cent., as damages for non-payment. And now will it be said that, because it may be uncertain whether or not the acceptor of a bill of exchange will pay at the time agreed upon by the acceptance, and thereby save the damages, the bill of

exchange is, for that reason, robbed of its character as a negotiable instrument?

For the reasons, then, hereinbefore indicated, I am of the opinion that the instrument here in question is a negotiable promissory note, and that the judgment of the lower court should be affirmed. Judge SMITH concurs in a separate opinion. The judgment, therefore, of the circuit court is affirmed.

SMITH, P. J. ( *concurring* ). — Negotiable paper, before due, carries the right to the whole amount it secures on its face, and is a circulating credit like the currency of the country. As was said by Chief Justice GIBSON, in *Overton v. Tyler*, 3 Barr. 346, it is "a courier without luggage." Certainty in the amount is one of the essentials of a negotiable instrument. But the spirit of the rule applies rather to the principal than to the ancillary and incidental additions of interest and exchange. Dan'l on Neg. Inst., sec. 54*a*. I, therefore, must think that the stipulation in the note here as to the payment of interest in no way impairs or destroys its negotiability. It follows that I concur in the opinion expressed by Judge GILL.

ELLISON, J. (*dissenting* ).—I am not able to concur with my brethren for the following reasons : In my opinion the instrument in question is not a negotiable note. Among the requisites to the validity of a note is, that there should be entire certainty and precision as to the amount to be paid. 1 Parsons, Notes & Bills, 37. And that the payment of such amount should not depend upon any condition or contingency. Story, Prom. Notes, sec. 22 ; Edwards Bills & Notes, 141. Nor must the payment of such amount be connected with any uncertain sum. 1 Parsons, Notes & Bills, 37 ; *First Nat. Bank v. Gay*, 63 Mo. 33. These rules should be enforced in all their rigor. *Woods v. North*, 84 Pa. St. 407. This note is not for a certain and definite

sum.   It is for $194.25, if it is paid at maturity ; but
if not it is then, at that time, for an additional sum.
It is not a note which, if not paid at maturity, is *thence
on* to draw interest or an *increased rate of interest,* but
it provides that ten per cent. of the whole sum shall be
added if it should not be paid at maturity.   This is not
interest, though it is so named; for the contract is with-
out interest and the additional ten per cent. of the face
of the note is not for the use of the money, but it is a
penalty for non-payment when due.   It would have
been the same if the note had read that twice the sum
named should be due if not paid at maturity.   So,
whether $213.67 1-2 ( the face of the note with ten per
cent. added ) will be due on the note depends upon the
contingency of its not being paid at maturity.   Again,
the payment of the principal sum mentioned is connected
with an uncertain sum.   That is to say, it is uncertain
up to the maturity of the note.   It cannot be known till
maturity what sum is going to be due thereon.

The rule, *Id certum est, quod certum reddi potest,*
is not permitted to come to the aid of such instruments
in this state.   *First Nat. Bank v. Gay, supra,* and
cases following it.   Such rule is repudiated in such cases
by 1 Parsons, Notes & Bills, 37 ;   Another considera-
tion aids us in the determination of the question, and
that is this, the question here is not whether this is
an instrument which can be enforced against the maker,
but it is whether it is a *negotiable* note.   *Negotiable* notes
spring from the necessities of commerce.   They partake
much of the qualities of inland bills of exchange.   In the
interchange of trade, they take the place of *money.*
1 Parsons, Notes & Bills, 30, 37 ; Story, Prom. Notes,
sec. 41.   They pass by delivery as money, and are the
representative of money.   *People v. Bates,* 120 U. S.
565.   They should, as near as may be, be as certain
upon their face, as to amount, as the *stamp* upon coin.
If, therefore, one should wish to purchase a commodity

with this note, the day before it matured, which was worth exactly the amount named upon its face, how would either vendor or vendee know the amount which would turn out to be due on the note the next day? How could it be negotiated or utilized with certainty as to its face value? The supreme court of Michigan has recently said, that "the certainty requisite to the negotiability of the instrument must continue until the obligation is discharged, and that any provision which, before that time, removes such certainty prevents the instrument from being negotiable at all." *Altman v. Rittenshoffer*, January term, 1888. The case from Massachusetts, cited by the majority, relates to a negotiable instrument it is true ; but the note is wholly unlike this. The note in that case provides for interest at a certain rate to run *after* maturity. The cases cited from Minnesota and Kansas are wholly opposed to the rule in this state. I have thought it not necessary to go into an examination of the adjudications in other states from the fact that there is a contrariety of opinion among them. This state has adopted the rule most in accord with sound principle in regard to negotiable paper and in line, too, with the opinion of the best text-writers. I reject the illustration of damages being allowed on protested negotiable notes, from the fact that such matter is *statutory* and can have no force, I think, as a reason for the rule announced. The judgment ought not to stand.

Believing the majority opinion to be in conflict with the decisions of the supreme court in *First National Bank v. Gay*, 63 Mo. 33, and *First National Bank v. Marlow*, 71 Mo. 618, the cause should be certified to the supreme court.