JAMES F. COTTON AND JENNIE COTTON v. THE JOHN DEERE
PLOW COMPANY.

(Filed September 3, 1904.)

1. PROMISSORY NOTE—Stipulation for Attorney's Fees—Effect. A promissory note which contains the following stipulation in relation to attorney's fees, to wit: "It is stipulated by the parties to this note, that in event the same is collected by an attorney, or by any proceedings at law, an attorney's fee consisting of $10.00 and ten per cent of the amount so collected shall be paid by the makers hereof to the holder of the same," destroys the negotiable character of the instrument, and thereby makes it non-negotiable.

2. NON-NEGOTIABLE INSTRUMENT—Innocent Purchasers. A non-negotiable instrument, although transferred to an innocent purchaser before maturity and for a valuable consideration, is subject to all the legal defenses which might be interposed against the note in the hands of the original payee.

(Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before Geo. T. Graves, Trial Judge.*

*McGuire & Clark,* for plaintiffs in error.

*Wrightsman & Fulton* and *H. T. Conley,* for defendants in error.

Opinion of the court by

HAINER, J.: This was an action brought by the John Deere Plow Company against the plaintiffs in error, James F. Cotton and Jennie Cotton, to recover $200.00, interest and attorney's fees, on a promissory note, executed by James F. Cotton and Jennie Cotton to George B. Wood & Co., and by George B. Wood & Co., sold and transferred, before

maturity, for a valuable consideration, to George S. Soulsby, and thereafter, and before maturity, for a valuable consideration, sold and transferred by the said Soulsby to the John Deere Plow Company.

The defendants' answer consists of a general denial, and that the note sued on was without consideration and was procured by fraud and false representations.

Upon the issues thus joined, the cause was tried to the court, without a jury, and judgment rendered for the plaintiff in accordance with the prayer of the petition. From this judgment the defendants appeal.

It appears from the record that after the plaintiff had introduced its evidence and rested its case, the defendants offered to prove by J. F. Cotton, the principal defendant, that the note sued on was without consideration, and was obtained by false and fraudulent representations. To the introduction of this testimony the plaintiff objected, upon the ground that the testimony introduced on behalf of the plaintiff showed that the note had been transferred before maturity, and that it was in the hands of innocent purchasers before maturity, and that the note was, in form, a negotiable instrument. This objection was sustained by the court, to which ruling the defendants duly excepted. Thereupon each party rested his case, and judgment was rendered in favor of the plaintiff. Motion for a new trial was duly filed, overruled, and exception reserved; and the defendants brought the case here for review.

The cause was tried on the theory that the note sued on was a negotiable instrument. This was clearly erroneous. The note contained the following stipulation in reference to attorney's fees, to wit:

"It is stipulated by the parties to this note, that in event the same is collected by an attorney, or by any proceedings at law, an attorney's fee consisting of $10.00 and ten per cent of the amount so collected shall be paid by the makers hereof to the holder of the same."

This provision clearly destroyed the negotiability of the note, and the case falls within the rule announced by this court in the case of *Randolph v. Hudson,* 12 Okla. 516, 74 Pac. 946. And also within the rule announced by the supreme court of California in the case of *Adams v. Seaman,* 23 Pac. 53; and *Findlay v. Potts,* 63 Pac. 694, in construing the civil code of California, which provides that "a negotiable instrument must be made payable in money only, and without any condition not certain of fulfillment." Decisions of the supreme court of California are peculiarly applicable, for the reason that the statute of that state is identical with our statute, and these decisions of the California court are constructions placed upon the statute before its adoption by the legislature of this Territory.

Manifestly, one of the essential qualities of a negotiable promissory note is absolute certainty as to the sum of money to be paid, a certainty which must appear on the face of the note. Therefore, if any part of the amount is dependent upon any contingency, or where it is necessary to offer proof other than the instrument itself, the negotiable character of the instrument is destroyed. In other words, the instrument must not contain any condition that is not capable of certainty of fulfillment.

The note being a non-negotiable instrument, it is subject to all the legal defenses which might be interposed against the note in the hands of the original payee. And

hence the court erred in refusing to permit the defendants to prove want of consideration, or that the note was procured by false and fraudulent representations.

In our opinion, the question is properly raised and presented by the record. The judgment of the court below is therefore reversed, and the cause remanded, with directions to grant a new trial, and proceed in consonance with the views herein expressed.

All the Justices concurring.