## WOOD v. STICKLE *et al.*

No. 2286. Opinion Filed November 26, 1912.

Rehearing Denied January 7, 1913.

(128 Pac. 1082.)

BILLS AND NOTES—Bona Fide Purchaser—Defenses. The purchaser of a negotiable promissory note before maturity for value and without notice of equities takes it free from defenses the maker may have had against the payee.

(Syllabus by Rosser, C.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by W. S. Wood against C. W. Stickle and others. Judgment for defendants, and plaintiff brings error. Reversed and rendered.

*T. J. Womack,* for plaintiff in error.

*A. M. Appelget* and *Chas. Swindall,* for defendants in error.

Opinion by ROSSER, C.   This was an action by W. S. Wood against C. W. Stickle, Charles Swindall, E. A. Jarboe, E. C. Gifford, John Lichter, F. M. Cline, J. H. Spurlock, John W. Hamilton, C. A. Hoops, N. J. Meunier, L. B. Collins, Lewis E. Chandler, A. P. Green, John B. X. Harrison, F. E. Finley, W. S. Stump, E. B. Roll, and J. A. Innis upon a certain negotiable promissory note executed by the defendants to McLaughlin Bros. in payment of part of the purchase price of a certain stallion.   It was dated October 3, 1904, and was due July 1, 1906. Woods, the plaintiff, was the indorsee of the note.   The defendants made the defense that the note was given for the price of a certain stallion, and that it was the agreement with the representative of McLaughlin Bros., who sold them the horse, that the horse was to be guaranteed as a sure foal-getter, and that this guaranty was to be written and attached to the note.   It was not disputed that the note was delivered without the guaranty having been attached, and that no guaranty was ever attached. The defendants kept the horse two or three years, and then tendered him back to McLaughlin Bros.   They refused to take him back upon the terms tendered, and the defendants sold him. The evidence was undisputed that Woods purchased the note before maturity for a valuable consideration, and without notice of any guaranty, or any other claim or defense in favor of the makers.   The plaintiff requested the court to instruct the jury to find a verdict for him, but this instruction was refused.   There was a verdict and judgment for defendants, and the plaintiff appeals.

The request for a peremptory instruction should have been granted.   Probably no doctrine of the law is better known than the rule that a purchaser of a negotiable instrument before maturity for value and without notice takes it free from all equities and defenses.   *Morrison & Co. v. Farmers', etc., Bank,* 9 Okla. 697, 60 Pac. 273; *Forbes v. First Nat. Bank,* 21 Okla. 206, 95

Pac. 785. It appears from the correspondence introduced in evidence that the defendants themselves knew this law.

The judgment should be reversed, and judgment here rendered for plaintiff for the amount sued for.

By the Court: It is so ordered.