# CITIZENS' SAVINGS BANK OF COLUMBUS, OHIO, v. LANDIS *et al.*

No. 2528.    Opinion Filed June 11, 1913.

(132 Pac. 1101.)

1. **BILLS AND NOTES—"Negotiable Instrument."** As defined by sections 4626 and 4627, Comp. Laws 1909, a "negotiable instrument" is a written promise or request for the payment of a certain sum of money to order or bearer, and must be made payable in money only, and without any condition not certain of fulfillment.

2. **SAME—**A note which reads: "$1,200. Walters, Okla., Mch. 6, 1906. December first, 1907, after date, for value received, we jointly and severally promise to pay McLaughlin Bros. or order, twelve hundred dollars at the Walters National Bank, of Walters, Okla., with interest at six per cent. per annum, before maturity, and thereafter at ten per cent. per annum until paid; interest payable annually"—is a negotiable instrument, both by statute (Comp. Laws 1909, secs. 4626, 4627) and by the law merchant.

3. **SAME—Title of Owner—Notice of Defects.** Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to· put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

4. **SAME—Negotiable Instrument.** The owner of a negotiable promissory note, who obtains it before maturity for a valuable

consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against all the world.

(Syllabus by Sharp, C.)

*Error from Comanche County Court;*
*James H. Wolverton, Judge.*

Action by the Citizens' Savings Bank of Columbus, Ohio, against A. Landis and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*H. F. Tripp* and *Gray & McVey,* for plaintiff in error. *McElhoes, Ferris & Rhinefort,* for defendants in error.

Opinion by SHARP, C. The first question necessary for determination is, was the note sued on negotiable? It reads, omitting signatures and indorsements, as follows:

"$1,200.  Walters, Okla., Mch. 6, 1906.  December first 1907, after date, for value received, we jointly and severally promise to pay McLaughlin Bros. or order, twelve hundred dollars at the Walters National Bank, of Walters, Okla., with interest at six per cent. per annum, before maturity, and thereafter at ten per cent. per annum until paid; interest payable annually."

It is contended on the part of the defendants in error that the note providing a greater rate of interest after than before maturity was on that account nonnegotiable. Our statute, in force at the time, defines a negotiable instrument as a written promise or request for the payment of a certain sum of money to order or bearer, and provides that it must be payable in money only, and without any condition not certain of fulfillment. Comp. Laws 1909, secs. 4626, 4627. These provisions of our statute are almost identical with the statutes of South Dakota, North Dakota, California, and Montana, and perhaps other states. It is most earnestly insisted by counsel for defendants in error that the question is set at rest by the decision of this court in *Randolph v. Hudson,* 12 Okla. 516, 74 Pac. 946, and *Hegeler v. Comstock,* 1 S. D. 138, 45 N. W. 331, 8

L. R. A. 393. An examination of those cases is therefore necessary.

In *Randolph v. Hudson* it was held that a note which read, "With interest at the rate of twelve per cent. from date if not paid at maturity," was nonnegotiable. The opinion was by a divided court, and appears to have been largely based upon the South Dakota case of *Hegeler v. Comstock, supra.* It was observed by the court that the latter case had never been overruled or modified by the Dakota court, and was, so far as the court could ascertain, the settled and well understood construction of the statute in the state from which it was adopted. The provision of the note in the case of *Hegeler v. Comstock,* which it was held rendered it nonnegotiable, is as follows:

"With interest from date until paid at the rate of ten per cent. per annum; eight per cent. if paid when due."

Mr. Justice Kellam, concurring specially on the ground of *stare decisis,* observed that if certainty was required as a condition of negotiablity he could see no good reason for holding that the certainty must be one which would still exist after the instrument had lost all of the incidents and advantages of negotiability, and further said:

"I believe that if the amount of money which the instrument represents at its maturity, and which will then be required to discharge it, is plainly apparent on its face it has all the certainty in that respect, contemplated by the rules of the law merchant or by our Code defining negotiable instruments, and that the courts ought to so hold."

In the principal opinion it was held that the term "negotiable instrument" had a definite signification in the law merchant, and its common-law meaning had not been changed by the Code.

In *Merrill v. Hurley,* 6 S. D. 492, 62 N. W. 958, 55 Am. St. Rep. 859, decided under the same statute eight years prior to the decision of our court in *Randolph v. Hudson, supra,* and which case apparently escaped the attention of the territorial court, it was held by the former court that a note which contained the following clause was negotiable:

"With interest at the rate of seven per centum per annum, payable semiannually, according to the tenor of ten interest coupons hereto attached. * * * If any part of the principal is not paid at maturity, it shall bear interest at the rate of twelve per cent. per annum, payable annually; and, if any interest remains unpaid twenty days after due, the principal shall become due and collectable at once without notice, at the option of the holder."

After reviewing and attempting to distinguish the case from the earlier case of *Hegeler v. Comstock, supra,* the court observed:

"If the maker of this note fails to perform his contract, he becomes absolutely liable to pay 12 per cent. interest after a default exists; but the rate of interest before dishonor is unconditionally fixed at 7 per cent., and no act or omission of either party can change the stipulated rate of interest, which is, in effect, 7 per cent. from date till due, and 12 per cent. thereafter, and, as there seems to be no condition not certain of fulfillment, we characterize and regard the note as a negotiable instrument. It was said in *Towne v. Rice,* 122 Mass. 67, that 'an instrument which in its terms and form is a negotiable promissory note does not lose that character because it also recites that an additional rate of interest will be paid after due.' *De Hass v. Roberts* [C. C.] 59 Fed. 853; *Crump v. Berdan,* 97 Mich. 293 [56 N. W. 559] 37 Am. St. Rep. 345."

It was held that no provision of the note, under either the statute or law merchant, destroyed its negotiability. It will be noted that in this particular the provision of the note in *Merrill v. Hurley, supra,* and the case under consideration are identical, in that a greater rate of interest was provided for after than before maturity, if not paid promptly when due; and while, as observed in *Cornish v. Woolverton,* 32 Mont. 456, 81 Pac. 4, 108 Am. St. Rep. 598, it is difficult to reconcile this case with the rule announced in *Hegeler v. Comstock, supra,* the facts in the latter case being so like those in the case at bar, and keeping in mind the repeated expression of the South Dakota court, found both in the opinion in *Merrill v. Hurley* and in *National Bank of Commerce v. Feeney,* 12 S. D. 156, 80 N. W. 186, 46 L. R. A. 732, 76 Am. St. Rep. 594, that a promissory

note, otherwise unobjectionable, meets the requirements and stands the test of negotiability when there is no date at which the exact amount then due cannot be ascertained by inspection and computation, we are of the opinion, as was the Dakota court, the note sued on was negotiable in form.

In *National Bank of Commerce v. Feeney,* already cited, the note provided: "This note to be discounted at twelve per cent. if paid before maturity," and it was held that when executed it was impossible to ascertain what amount would be required to pay it, without considering the discount, depending upon a condition uncertain of fulfillment. A similar provision is contained in the note found in the *Farmers' Loan & Trust Co. v. McCoy & Spivey Bros.,* 32 Okla. 277, 122 Pac. 125, 40 L. R. A. (N. S.) 177, which reads: "A discount of five per cent. will be allowed if paid within fifteen days from date," and likewise the note was held not to be negotiable.

In *Bell v. Riggs,* 34 Okla. 834, 127 Pac. 427, 41 L. R. A. (N. S.) 1111, it was held that the following provision rendered a note nonnegotiable:

"Interest coupons are hereto attached representing the interest from date to maturity, which, with this principal note, are secured by a mortgage deed of even date. If any installment of interest be not paid at maturity, this principal note and all interest due thereon shall become due and payable at once, without notice, at the option of the holder of this note. This note is executed upon the condition that the partial payments in any amount not exceeding one-fifth of the principal in any one year will be received at any time, at the office of said company, in Wichita, Kansas, and that the interest will be rebated from the date of such payments."

The court, in the opinion, said:

"Stated in another way, that rule is that if the date when due or the amount to be due depend upon conditions uncertain of fulfillment, and cannot be determined from the face of the note itself at the time of its execution without reference to extraneous circumstances, the note is not negotiable. Applying that rule, it is clear that the note now under consideration was

not a negotiable instrument, because the time when it was due depended on whether the interest was regularly paid, and whether the holder exercised his option to declare it due. Further, the maker had the right to pay one-fifth every year, and stop the interest as to that much, though, if the interest was paid, the one-fifth he might have paid was not overdue."

The conditions of uncertainty that existed in the notes in both of the cases last cited, and which destroyed their negotiability, are wanting in the case at bar. As already noted, a promissory note which in its terms and form is a negotiable promissory note does not lose that character by reason of the fact that it contains a clause providing that an additional rate of interest will be paid after due. *Hollinshead v. Globe Investment Co.*, 8 N. D. 35, 77 N. W. 89, 42 L. R. A. 659; *Hope v. Barker*, 43 Mo. App. 632, affirmed in 112 Mo. 338, 20 S. W. 567, 34 Am. St. Rep. 387.

The note in question was a written promise to pay a fixed sum of money to a named person or order, at all events, at a time certain of arrival, and provided for the payment of a stated rate of interest for a definite time, and thereafter an additional fixed rate of interest until paid; hence was negotiable. *Cotton et ux. v. John Deere Plow Co.*, 14 Okla. 605, 78 Pac. 321; *Chicago Railway Equipment Co. v. Merchants' National Bank*, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349. Upon principle we have no doubt of the correctness of our conclusions, and we find nothing in the statute defining a negotiable instrument, and how it shall be payable, that inveighs against the rule that a promissory note may contain a provision whereby the maker agrees to pay a fixed additional rate of interest after maturity.

It is the law in this state that suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not alone defeat his title; that result can be produced only by bad faith on his part. *Forbes v. First Nat. Bank of Enid,* 21 Okla. 206, 95 Pac. 785; *McPherrin v. Tittle et al.*, 36 Okla. 510, 129 Pac. 721.

Following this rule the position of counsel for defendants in error cannot be sustained.

Counsel cite and rely upon *Jenkins v. Planters' & Mechanics' Bank,* 34 Okla. 607, 126 Pac. 757, as supporting their position, but a careful consideration of that case will readily disclose it does not support the contention made. Few legal propositions are better settled than the rule that a purchaser before maturity, for a valuable consideration, and without notice of any infirmities, takes a negotiable instrument free from all equities and defenses between the original parties. *Morrison & Co. v. Farmers' & Merchants' Bank,* 9 Okla. 697, 60 Pac. 273; *Forbes v. First Nat. Bank of Enid,* 21 Okla. 206, 95 Pac. 785; *Wood v. Stickle et al.,* 36 Okla. 592, 128 Pac. 1082.

The case having been tried on a mistaken notion of the law as to the character of the note sued upon and the rights attaching thereunder, the judgment in favor of the defendants, Robbins, Haworth, Young, Landis, and Jones, should be reversed, and the cause remanded, with instructions to proceed in accordance with this opinion.

By the Court: It is so ordered.