## UNION NAT. BANK OF MASSILLON, OHIO, v. MAYFIELD et al.

No. 8057—Opinion Filed Sept. 3, 1918.

(174 Pac. 1034.)

(Syllabus.)

**1. Bills and Notes—Negotiability.**

A promissory note for the payment of a sum certain, on a date named, and otherwise negotiable, is not rendered nonnegotiable by a stipulation therein to the effect that, if the note be not paid on or before maturity, it shall bear interest from date at an increased and fixed rate.

**2. Same.**

An instrument negotiable in its origin continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by the Union National Bank against W. A. Mayfield and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

H. A. Noah and Ellis, Cook & Barnett, for plaintiff in error.

Mauntel & Barry and A. G. Sutton, for defendants in error.

SHARP, C. J. At Capron, Okla., on June 4, 1914, defendants W. A. Mayfield and C. B. Mayfield executed their promissory note to the Geo. O. Richardson Machinery Company of St. Joseph, Mo., in the sum of $835, payable at the Capron State Bank of Capron, Okla.; the provision with respect to the payment of interest being as follows:

"With interest at the rate of 9 per cent. per annum, payable annually, from date until paid: Provided, however, if note is paid on or before maturity, interest shall be only 7 per cent."

On the back of the note is contained the following printed provision:

"For value received, I hereby guarantee the payment of the within note, and any renewal of the same, and hereby waive protest, demand, and notice of demand, and nonpayment, and suit against the maker, and consent that the payment of this note

may be extended from time to time without affecting any liability thereon."

Immediately following is a printed date line in blank. After the date line is another blank line, intended for the signature of the person signing the foregoing guaranty and waiver, below which are seven blank lines, intended for use in the indorsements of partial payments. Two of the blank lines are filled out, the first showing a credit on June 4. 1914, of $140; the second, a credit on June 13, 1914, of $14.20. Below the blank credit lines is the following indorsement:

"Pay to the order of the Russell & Company, Geo. O. Richardson Machinery Co. John H. Myers, Treasurer."

Immediately following the indorsement of the Machinery Company is the additional indorsement:

"The Russell & Company, by Geo. H. McCall, Treasurer."

Action was brought against the makers on December 14, 1914, by the plaintiff bank, the owner and holder thereof by purchase from the last indorser, the Russell & Company.

The case turns upon the negotiability of the note. The trial court was of the opinion that the note was nonnegotiable, and permitted the defendants to interpose their defense of a breach of warranty and fraud practiced upon them by the agent of the machinery company, and thus to defeat a recovery on the note in the hands of the indorsee. It is urged by the defendant in error that the note is nonnegotiable, because (1) of the provisions respecting the payment of interest; and (2) on account of the printed matter on the back of the note, which they claim formed a part of the indorsement, thereby destroying the negotiability of the note.

Do the words "with interest at the rate of 9 per cent. per annum, payable annually, from date until paid: Provided, however, if note is paid on or before maturity, interest shall be only 7 per cent.," affect the negotiable character of the note? Counsel cite in support of their contention the following cases: Randolph v. Hudson, 12 Okla. 516, 74 Pac. 946; Cotton v. John Deere Plow Co., 14 Okla. 605, 78 Pac. 321; Dickerson v. Higgins, 15 Okla. 588, 82 Pac. 649; Clevenger v. Lewis, 20 Okla. 837, 96 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas 56; Clowers v. Snowden, 21 Okla. 476, 96 Pac. 596; Farmers' Loan & Trust Co. v. McCoy & Spivey Bros., 32 Okla. 277, 122 Pac. 125, 40 L. R. A. (N. S.) 177; Bracken v. Fidelity Trust Co., 42 Okla. 118, 141 Pac. 6, L. R. A. 1915B, 1216; Stutsman County v. Wallace, 142 U. S. 312, 12 Sup. Ct. 227, 35 L. Ed.

1018. The Cotton Case simply held that the provision for payment of attorney's fees in a promissory note, as the law then stood, destroyed the negotiable character of the note. In the Dickerson Case it is not clear on what grounds the note was declared nonnegotiable, though as in the Cotton Case (cited as an authority) it contained a provision for the payment of attorney's fees. The Clevenger Case also contained a provision for the payment of an attorney's fee and was held to be nonnegotiable. The Clowers Case was also held not to be negotiable because of a provision for the payment of an attorney's fee. In the Farmers' Loan & Trust Co. Case the note was held to be nonnegotiable because of a stipulation providing that, if paid within 15 days from date, a discount of 5 per cent. would be allowed. In the Bracken Case the note provided for "interest at 6 per cent. per annum before maturity, and thereafter with interest at 10 per cent. per annum until paid, interest payable with note" and was held to be nonnegotiable. The rule announced in the Bracken Case was disapproved by the subsequent opinion in Security Trust & Savings Bank v. Gleichmann, 50 Okla. 441, 150 Pac. 908, L. R. A. 1915F, 1203 and we think correctly so. The case of Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331, 8 L. R. A. 393, followed by the territorial Supreme Court in Randolph v. Hudson, 12 Okla. 516, 74 Pac. 946, was disapproved in Citizens' Savings Bank v. Landis, 37 Okla. 530, 132 Pac. 1101, as well as by the opinion in the Gleichmann Case, and cannot therefore be considered as an authority. The notes involved in the several cases cited and arising in this court were all made prior to June, 1909, during which month the present negotiable instrument statute was adopted. Chapter 24, p. 387, Sess. Laws 1909. A negotiable promissory note is denied by section 4234, Rev. Laws, as follows:

"A negotiable promissory note within the meaning of this chapter is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer."

While by section 4051 an instrument, to be negotiable, must conform to the following requirements:

"First. It must be in writing and signed by the maker or drawer; second, must contain an unconditional promise or order to pay a sum certain in money; third, must be payable on demand, or at a fixed or determinable future time; fourth, must be payable to order or to bearer; and fifth, where the instrument is addressed to a drawee, he

must be named or otherwise indicated therein with reasonable certainty."

The sum payable is a sum certain, within the meaning of the law, although it is to be paid: First, with interest; second, by stated installments; third, by stated installments, with the provision that upon default in the payment of any installment, or of interest, the whole shall become due; fourth, with exchange, whether at a fixed rate or at the current rate; fifth, with costs of collection or an attorney's fee, in case payment shall not be made at maturity. Section 4052, Rev. Laws. Section 4055 provides that an instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which, first, authorizes the sale of collateral securities in case the instrument be not paid at maturity; second, authorizes a confession of judgment if the instrument be not paid at maturity; third, waives the benefit of any law intended for the advantage or protection of the obligor; fourth, gives the holder an election to require something to be done in lieu of payment of money. It is also provided that nothing contained in section 4055 shall validate any provision or stipulation otherwise illegal.

An examination of these several provisions leads us to conclude that there is nothing contained therein, or in the present negotiable instrument statute, which in the instant case tends to make the amount payable uncertain within the meaning of the statute. The provision with respect to interest means nothing more nor less than that interest was payable from date until maturity at 7 per cent. per annum, but, if not paid when due, it should bear interest at the rate of 9 per cent. per annum from date. In Citizens' Savings Bank v. Landis, supra, it was held that an instrument, which in its terms and form was a negotiable promissory note, did not lose that character because it also provided that an additional rate of interest should be paid after maturity. This rule finds support in many of the authorities, as may be found from a reading of the cases cited in 8 Corpus Juris, § 253, where it is said that under the Negotiable Instruments Law not only may a provision be made for reserving interest after maturity, but for an increased rate of interest. The note could have been discharged on or before maturity by the payment of interest from date at the rate of 7 per cent. per annum; if not paid then, it could have been paid at any time thereafter upon the payment of interest at 9 per cent. per an-

num, payable annually. As stated by that eminent jurist, Justice Brewer, in Parker v. Plymell, 23 Kan. 402, in a case involving a somewhat similar provision:

"Clearly these words do not destroy the negotiability of the paper. They do not leave uncertain either the fact, the time, or the amount of payment. Indeed, up to and including the maturity of the notes, they are entirely without force. They become operative only after the notes are dishonored and have ceased to be negotiable, and then there is no uncertainty in the manner or extent of their operation. They create, as it were, a penalty for nonpayment at maturity, and a penalty the amount of which is definite, certain, and fixed."

The contention that the unsigned printed matter on the back of the note destroyed its negotiability is untenable. We agree with counsel as to the rule applicable to the construction of a note, where a construction is necessary. In doing so, however, it does not follow that the note, because of such printed matter and the indorsements thereon, is rendered negotiable. The instrument upon its face constituted a negotiable note, and it is only by reason of that which subsequently transpired that it is claimed its negotiability is destroyed. If negotiable when made, its negotiability remained unaffected, either by the form of the indorsement or the printed guaranty, waiver, and consent clause on its back, as it is provided in section 4097, Rev. Laws, that:

"An instrument negotiable in its origin continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise."

A restrictive indorsement is one that (1) prohibits the further negotiation of the instrument; (2) constitutes the indorsee the agent of the indorser; (3) vests the title in the indorsee in trust for or to the use of some other person. Section 4086, Rev. Laws. There is no claim that the note was paid, or the obligation of the makers otherwise discharged; neither was it restrictively indorsed. The indorsement of the payee was a special indorsement. Section 4084, Rev. Laws. It seems clear, therefore, that, whatever other effect might be given the instrument by the subsequent indorsement below the printed provisions, its negotiability would not be affected, so that, were we to hold that the signature of the payee in making the indorsement constituted a signing of the preceding printed clause, it would not affect the negotiability of the note, the character of which was fixed at the time of its execution.

Because of the error of the court in holding the note to be a nonnegotiable instru-

ment, and the consequence attaching thereto, the judgment is reversed, and the cause remanded for a new trial.

All the Justices concurring.