## JACKSON v. FENNIMORE.

No. 13124—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 18, 1924.

### 1. Bills and Notes—Failure of Defense — Directing Verdict.

It is not reversible error for the trial court to sustain a motion for directed verdict, in an action based upon a promissory note, fair on its face, which has been assigned in due course, for value, before maturity, where the only defense pleaded is by way of an unverified general denial, and denial of ownership in the assignee, when the proof on the part of the plaintiff is conclusive as to all the material allegations of the petition, and no contradictory evidence is offered on the part of the defendant.

### 2. Appeal and Error—Record—Judgment.

A mere recital in the record to the effect that a motion or demurrer was overruled or sustained is nothing more than a memorandum wholly wanting in the essential elements of a judgment, and therefore insufficient to support an assignment of error.

### 3. Interest — Rate — Contract—Presumptions.

When a rate of interest is prescribed by law or contract, without specifying the period of time by which such rate is to be calculated, it is deemed an annual rate. Section 5096, Comp. Stats. 1921.

### 4. Same—Provision in Note for Higher Rate in Case of Default—Legality.

An agreement in a promissory note to pay an additional legal rate of interest on the principal of the note from its date, in case of default in the payment of principal or any interest coupon when due, is not a penalty, but is an agreement into which the parties have a right to enter and is binding.

### 5. Bills and Notes—Inclusion of Attorney's Fee in Judgment.

The court when directing a verdict may reserve the right to render judgment for an attorney's fee provided for in the note sued on, and render judgment including same, where no pleading has been filed or proof offered, calling in question the validity of the fee, or the reasonableness thereof.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Greer County; Thos. A. Edwards, Assigned Judge.

Action by G. O. Fennimore against B. M. Jackson on promissory note. From judgment for plaintiff, defendant brings error. Affirmed.

Percy Powers, for plaintiff in error.

W. B. Garrett, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Greer county, on January 21, 1923, by the appellee, plaintiff in the lower court, against the appellant, defendant in the lower court, to recover $99, interest and attorney's fee, as evidenced by a certain promissory note due August 15, 1920, and duly executed by B. M. Jackson, appellant herein. The defendant filed an answer in which he denied that the plaintiff, G. O. Fennimore, was the owner of said note, and alleged that the pretended assignment or transfer made by the Reliable Hail Insurance Company, payee named in said note, to the plaintiff, Fennimore, was not in good faith, but made as a pretense or sham, and without valuable consideration. He further set forth in his answer that said note was given in payment of the premium of a certain hail insurance policy, issued by said insurance company to the defendant, Jackson, covering 90 acres of wheat, and further avers that said crop of wheat had been damaged by hail, and that due notice had been given of such damage to the insurance company, and that they had failed and refused to consider same, and that said insurance policy was worthless, and that the consideration for said note had failed.

The record discloses that the plaintiff lodged a motion to strike the major portion of the defendant's answer, and that on hearing of same before the Honorable T. P. Clay, district judge of Greer county, the motion was sustained, but the record fails to disclose any order or journal entry showing what the order contained; in fact, we assume that an order was made of record, disclosing the court's order. The case was tried before the Honorable Thomas A. Ed-

wards, assigned judge, and a jury was empaneled and sworn to try the case, whereupon the deposition of plaintiff was offered in evidence, in which he testified to the purchase of the note before maturity, and for a valuable consideration; and the note was introduced in evidence, and deposition of the secretary of the insurance company, J. E. Brown, was offered in evidence, who testified to the transfer of the note to the plaintiff herein, and thereupon plaintiff rested his case, whereupon the defendant was called as a witness and the appellant in his brief states that objections were made to practically all of his testimony, which was sustained by the court, and that he was not allowed to testify. However, he does not set forth the evidence tendered, or the objections made, and therefore the court is unable to determine the merit, if any, of this contention. At the close of the testimony of the defendant, Jackson, the defendant rested his case and counsel for appellee moved for a directed verdict, whereupon the court said:

"Gentlemen of the Jury: The court instructs you that in a case of this kind, where a negotiable note is executed and delivered and is sold to another before maturity, he takes it free of any defense against those who gave it. And in this case, if Mr. Jackson has any recourse, it will be as against the Reliable Hail Insurance Company. I will ask Mr. Van Wagner to act as foreman and sign the verdict which is submitted to you."

To all of which the defendant excepted. And in accordance with the above directions the jury returned a verdict for the plaintiff and fixed the amount of recovery at $99, with interest from April 28, 1920, at the rate of 10 per cent per annum.

The court rendered judgment against the defendant for the sum of $99, with interest from April 28, 1920, in accordance with the verdict of the jury, and for the further sum of $25 attorney's fee, and all costs of action. Motion for a new trial was filed and overruled, and the defendant appealed and set forth in his assignment of error the following specifications of error:

"(1) That the district court of Greer county, Okla., erred in overruling the motion of plaintiff in error for a new trial.

"(2) That said court erred in sustaining the demurrer of defendant in error to the evidence of the plaintiff in error.

"(3) That said judgment is contrary to the law and evidence and not supported by either."

The first proposition presented is the error complained of, wherein the court directed a verdict for the plaintiff and refused to submit to the jury the question of whether or not the plaintiff became a purchaser for value in due course, and in support of this contention the appellant cites the case of Continental Insurance Company v. Chance, 48 Okla. 324, 150 Pac. 114. In that case the material controversy arose over the question of whether or not the failure to give the 60 day notice of damages complained of had been waived by the insurance company. It seems that the court directed a verdict in that case as it did in the case at bar, and the Supreme Court reversed the case for the reason that the evidence on that particular question was not clear, and was such that reasonable minds might differ and draw different conclusions therefrom; and consequently held that the court was in error in withdrawing the case from the jury. Many other authorities are cited by appellant in support of this rule, which we recognize as a correct rule of law, but we think a different question is here involved, and so far as we are able to determine from the record, there was nothing pleaded or proven, which would be sufficient to raise the question of whether or not the appellee was an innocent purchaser of the note in question. The note is just an ordinary promissory note for $99, drawing ten per cent. interest from date if not paid at maturity, and with cost of collection and attorney's fee of $25 in case payment shall not be made at maturity. And as we view the pleadings, the only defense attempted to be pleaded was failure of consideration, and the defendant in his answer avers that the note was given in payment of the premium on a certain insurance policy, and attached the policy to his answer and made it a part thereof, showing conclusively by his own pleadings that the policy was issued according to the terms of the application made for same, and received and accepted by the defendant, Jackson. The only allegation made as to any defect in the policy is that it had proven to be worthless for the reason that the insurance company had failed to settle or give any consideration to a certain claim filed with them for damages.

We do not understand such an allegation is sufficient to raise the question of good faith or failure of consideration, and, furthermore, all of this portion of the answer was evidently struck out by the court, as the record fails to disclose any effort on the part of the defendant to make proof of such allegation. Appellant cites the case of Bank v. Mayor, 88 Okla. 230, 212 Pac. 987, as being in point, but in that case failure of consideration and fraud were properly alleged, and some proof offered in support of the

allegations; and in the case of Jones v. Citzens State Bank, 39 Okla. 393, 135 Pac. 373, failure of consideration was pleaded and conclusively proven. In this case we are inclined to the opinion that no error was committed by the court in directing the verdict, in so far as the question of innocent purchaser, good faith, for value before maturity, and so far as the question of failure of consideration was concerned.

Appellant in his second proposition urges that the note in question was nonnegotiable for the reason that it provided that in case of failure of payment at maturity the note should draw ten per cent. interest from date; however, the appellant admits that the decision of this court in the Union National Bank v. Mayfield, 71 Okla. 22, 174 Pac. 1034, 2 A. L. R. 135, is in direct conflict with the contention made. The case cited has been recognized as the law of this state on that question for a number of years, and we think announces a correct rule wherein it held that such provision in a note, providing that in case of default it should draw interest from date, did not destroy the negotiability of the note.

And in the third proposition, appellant urges that any defense available against the Reliable Hail Insurance Company was available against the appellee, Fennimore, but the difficulty with this contention is that no defense was pleaded or proven which would have been available against the insurance company, and hence, we find no merit in such contention.

In the fourth proposition, the appellant contends that the court was in error in allowing interest at the rate of ten per cent. per annum, when the note only provided for ten per cent. interest. The pleading does not specifically raise this question and no proof was offered bearing upon it and appellee calls our attention to section 5096, Comp. Stats. 1921, which is as follows:

"When a rate of interest is prescribed by law or contract, without specifying the period of time by which such rate is to be calculated, it is to be deemed an annual rate."

This we think is decisive of the question raised and is ample to justify the court in rendering judgment for ten per cent. per annum, and also calls attention to the case of National Life Insurance Company v. Hale, 54 Okla. 600, 154 Pac. 536, in which case the author of the opinion calls attention and quotes with approval the case of Eccles v. Herrick et al., 15 Colo. App. 350, 62 Pac. 1040, as follows:

"An agreement in a promissory note to pay an additional interest on the principal of the note from its date, in case of default in the payment of principal or any interest coupon when due, is not a penalty, but is an agreement into which the parties have a right to enter, and is binding."

The fifth and last proposition urged by appellant is, that the court was in error in rendering judgment in the sum of $25 as attorney's fee. No question arose as to the validity of this item during the trial. It was not alleged that it was unreasonable; in fact, there is nothing pleaded which would apply to it, except the general denial, and we think that in view of the fact that it does appear to be reasonable, and was specifically agreed to and set forth in the note sued on, that the court was justified in rendering judgment for same.

Appellee cites the case of McClain v. Continental Supply Company, 66 Okla. 225, 168 Pac. 815, the first syllabus of which case is as follows:

"Where a note by its terms provides for $10 and ten per cent. of the principal and interest to be added as collection fee, in case payment of said note is not made at maturity, and suit is brought on said note, held, that it is not error to include in the judgment the attorney's fee stipulated for in said note."

We do not find this authority to be a parallel case; however, in this case, we think that if the court was justified in directing the jury to return a verdict for the plaintiff for the face of the note, with interest, that it would naturally follow that the court would be justified in rendering judgment for the attorney's fee provided for in the note, provided it appeared to be a reasonable fee.

This court recently in the case of Holmes v. Kress, 100 Okla. 131, 223 Pac. 615, announces the rule that the trial court could not render judgment for an attorney's fee without some proof as to what would be a reasonable fee in the given case; but in that case the court was dealing with an attorney's fee as provided for under our lien statutes, and not a fee provided for by contract between the parties. It is seldom that a condition arises in the trial of lawsuits that justifies the court in sustaining a demurrer to the evidence or a motion for a directed verdict, but in this case, taking into consideration the state of the pleadings and the character of testimony offered in evidence, we are unable to detect any error prejudicial to the rights of appellant that would justify a reversal of this case, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.