## VACUUM OIL CO., Inc., v. BLANCHARD MOTOR CO. et al.

No. 17130—Opinion Filed March 9, 1926.

(Syllabus.)

### Appeal and Error—Defective Case-Made — Dismissal.

Where a case-made contains only recitals as to the record of the trial court, it is a nullity and brings nothing before this court for review.

Appeal from District Court, McClain County; W. L. Eagleton, Judge.

Action between the Vacuum Oil Company, Inc., and the Blanchard Motor Company and others. From the judgment, the former appeals. Appeal dismissed.

O. T. Shinn, for plaintiff in error.

Melton & Melton, for defendants in error H. E. Green and First State Bank of Blanchard.

J. B. Dudley, for defendant in error F. M. Hopkins.

PER CURIAM. The record in this case contains what purports to be a copy of the petition and answer filed by defendant, E. E. Hopkins, but these purported copies do not show that they were ever filed in the office of the clerk or ever became part of the record in the case. The record recites that application was made for judgment against E. E. Hopkins for want of a sufficient answer, which the court overruled, but there is no application in the record and no order of the court overruling same. The record recites that the other defendants demurred to the petition, which the court overruled, but there is no demurrer in the record and no order of the court overruling it. The record recites that plaintiff made application for the appointment of a receiver, which was denied, and that plaintiff gave notice of appeal, but there is no application in the record, no order of the court denying it, and no notice of appeal. This constitutes the record, and defendants in error move to dismiss the appeal because of its insufficiency.

Plaintiff in error has filed a response to the motion, and insists that under section 784, C. O. S. 1921, the record is sufficient as a case-made, which section is as follows:

"A party desiring to have any judgment or order of the county, superior, or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action,

as may be necessary to present the errors complained of to the Supreme Court."

This section of the statute merely contemplates an abbreviation of the record as made by the trial court, and a recital that certain proceedings were had can never be substituted for the record of such proceeding. The whole theory of appeal by case-made is to bring up only such parts of the record of the lower court as may be necessary to a proper determination of the questions involved, and was mainly devised to lessen the expense of reviewing the proceedings of inferior tribunals. But this theory has long since been abandoned in practice, and it is the fashion now to incumber the case-made with everything that was done during the whole progress of the case—regardless of how immaterial and unimportant it may be.

The case-made presented in the case at bar is not a record, but is mere recitals, and is a nullity, and brings nothing before this court for review. In Jackson v. Fennimore, 104 Okla. 134, 230 Pac. 689, this court in an opinion by Pinkham, C., said:

"A mere recital in the record to the effect that a motion or demurrer was overruled or sustained is nothing more than a memorandum wholly wanting in the essential elements of a judgment, and therefore insufficient to support an assignment of error."

Plaintiff in error, in its response to the motion to dismiss, asks that it be permitted to correct case-made in the event it was held insufficient. If only parts of the record of the trial court were omitted from the case-made, it might, under section 786, C. O. S. 1921, be corrected so as to include them, but where the whole record is absent, as in the instant case, and a new case-made would be required to bring up the record of the trial court, such correction cannot be made.

The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 333 § 1962.