## MOORE et al. v. INTERSTATE MTG. TRUST CO. et al.

No. 24520. April 2, 1935.

Rehearing Denied June 4, 1935.

Stephen A. George, for plaintiffs in error.

Potterf, Gray & Poindexter, for defendants in error.

CORN, J. The parties herein will be referred to as they appeared in the trial court, plaintiffs in error, as plaintiffs; and the defendants in error, as defendants.

On the 8th day of June, 1931, the plaintiffs brought this action to cancel a certain note with 14 interest coupons attached, and for release of certain real estate mortgages theretofore given upon land located in Carter county.

One of the defendants, J. C. Creel, Jr., acting as trustee for the Interstate Mortgage Trust Company, filed a disclaimer; therefore, leaving as the only defendant, William S. Martin. William S. Martin filed an answer and cross-petition wherein he makes general denial to all the material allegations of the petition filed therein, and, by way of cross-petition, alleges for a valuable consideration the Interstate Mortgage Trust Company assigned to him, on the 25th day

of August, 1930, the principal note and the interest coupons which are the subjects of this controversy, and asks for judgment and foreclosure of said mortgages. The issues, therefore, being joined, both parties waived a jury and the case was tried to the court.

The trial court, after all the evidence by both parties had been produced, rendered judgment in favor of the defendant for the full amount prayed for in his cross-petition, and foreclosing said mortgages. Motion for new trial filed, heard, overruled, exceptions allowed, and appeal perfected in this court.

The facts in the case are substantially as follows:

On the 29th day of July, 1930, the plaintiffs made, executed, and delivered to the Interstate Mortgage Trust Company, a corporation of Parsons, Kan., a promissory note in writing for the sum of $1,000 with 14 interest coupons, the same being in the amounts of $32.50 each; the said $1,000 note being secured by a first mortgage given of that date, and the said 14 coupons as aforesaid being secured by a second mortgage upon the same land, located and situated in Carter county.

The note with coupons attached and mortgages were delivered by the plaintiffs to one Mr. Batis, who was the local agent for the Interstate Mortgage Trust Company, and a short time later said note, coupons, and mortgages were sold by one Mr. Williams, another agent of said company, to William S. Martin of Brattleboro, Vt.; Mr. Martin paying therefor the sum of $1.000, the full amount of the principal note, except the sum of $4.33, accrued interest. Before the company paid the said $1,000 to the plaintiffs herein, it was declared a bankrupt and went into the hands of a receiver.

The plaintiffs alleged in their petition in error several assignments of error, but in their brief state as follows:

"We shall submit this case under the one general proposition, that the judgment of the trial court is contrary to law."

Their main contention seems to be that the note and coupons which are the basis of this action are nonnegotiable; therefore, we will set out herein the note and one of the coupons in full:

"Note.

"United States of America, Oklahoma Real Estate First Mortgage Coupon Bond.

"No. 18403          $1,000.00

"On the first day of August, 1937, for

value received we promise to pay to the order of the Interstate Mortgage Trust Co., the principal sum of one thousand No/100 dollars, with interest thereon from date hereof at the rate of 6½ per cent. per annum until maturity, payable semi-annually, according to the tenor of fourteen interest coupons hereto attached, each for the sum of thirty-two and 50/100 dollars, bearing even date herewith, both principal and interest coupons payable at the office of the Interstate Mortgage. Trust Company in Greenfield, Mass., and if default be made in the payment of the principal or any of said interest coupons, or any part of the same as the same severally mature, then both principal and interest shall become due and payable and the holder of this note may proceed to collect and enforce the same by law, and to the principal and interest shall be added all costs of collection and a reasonable attorney fee, provided the same be placed with an attorney for collection or legal proceedings are commenced to enforce payment of the same.

"After maturity said principal sum shall bear interest at the rate of 10 per cent. per annum. The makers of this note have the privilege of paying $100 or any multiple thereof as part payment upon the said principal sum, at the maturity of any interest coupon.

"Dated at Wilson, state of Oklahoma, this 29th day of July, 1930.

> "Pete H. Moore.
> "Julia Moore, nee Worsham.
> "Audrey Worsham.

"Witnesses:

> "Mrs. Mable Clarke,
> "W. H. Batis."

To said note and bond were attached 14 interest coupons which were identical in their terms and provisions, except as to numbers and dates of maturity. We will, therefore, write in full the first said coupon:

"$32.50          Oklahoma July 29, 1930.

'On the first day of February, 1931, for value received, we promise to pay to the Interstate Mortgage Trust Co. or bearer thirty-two and 50/100 dollars at the office of said company, in Greenfield, Mass., the same being the interest on my principal note of $1,000, of even date herewith. This note bears interest after maturity at the rate of 10 per cent. per annum.

> "Pete H. Moore,
> "Julia Moore,
> "Audrey Worsham."

The assignment on said note by the Interstate Mortgage Trust Company is as follows:

"For value received the Interstate Mortgage Trust Company hereby assigns this bond or note to William S. Martin or order without recourse.

"In witness whereof the said the Interstate Mortgage Trust Company has caused its corporate seal to be hereunto affixed duly attested.

"Dated this 25th day of August, A. D. 1930.

> "The Interstate Mortgage Trust Company.
> "By W. N. Snow,
> "President."

"Attest:

> "H. Sparrow,
> "Secretary.          (Seal)"

It is admitted by all parties to this action that the plaintiffs received no consideration whatever for the execution and delivery of the aforesaid note, interest coupons, and mortgages. The defendant William S. Martin claims to be an innocent purchaser of said note or bond with interest coupons thereto attached, in due course of business for value and without notice.

The contention of the plaintiffs that the note is not negotiable is without merit.

We are unable to find where it does not comply in all respects with the Negotiable Instruments Law of this state. It is plain from an examination of said note that it was a written instrument, signed by the plaintiffs, to pay a sum certain in money, at a fixed or determinable future time and payable to order or bearer, with the further provision providing for costs and a reasonable attorney fee in case of default in payment, if the same was placed in the hands of an attorney for collection.

It was held in Citizen's Saving Bank v. Landis, 37 Okla. 530, 132 P. 1101, in the second paragraph of the syllabus:

"A note which reads: '$1,200. Walters, Okla., March 6, 1906. December first, 1907, after date, for value received, we jointly and severally promise to pay McLaughlin Bros. or order twelve hundred dollars at the Walters National Bank of Walters, Okla., with interest at six per cent. per annum, before maturity, and thereafter at ten per cent. per annum until paid; interest payable annually'—is a negotiable instrument, both by statute (Comp. Laws. 1909, sections 4626, 4627) and by the law merchant."

Quoting from page 535 of 37 Okla., and page 1103 of 132 Pac. Rep.:

"As already noted, a promissory note

which in its terms and form is a negotiable promissory note does not lose that character by reason of the fact that it contains a clause providing that an additional rate of interest will be paid after due. Hollinshead v. Globe Investment Co., 8 N. D. 35, 77 N. W. 89, 42 L. R. A. 659; Hope v. Barker, 43 Mo. App. 632, affirmed in 112 Mo. 338, 20 S. W. 567, 34 Am. St. Rep. 387."

In Clark v. Skeen, 61 Kan. 526, 78 Am. St. Rep. 337, the second paragraph of the syllabus is as follows:

"A note for the payment of a certain sum, at a fixed date, is not rendered nonnegotiable by a stipulation that upon default in the payment of interest the whole amount shall become due at the option of the holder and then draw a greater rate of interest."

We have examined the cases cited by the plaintiffs, but do not find any of them controlling in this case.

The judgment of the trial court is, therefore, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.